## WESTON v. WESTON et al.
### No. 4804.

Court of Civil Appeals of Texas. El Paso.
May 23, 1951.

Rehearing Denied June 14, 1951.

Gerald Weatherly, Austin, Goodhue Weatherly, Falfurrias, for appellant.

J. Earl Barnhouse, Alice, for appellees.

PRICE, Chief Justice.

This is an appeal by William Weston, hereinafter called relator, from a judgment of the District Court of Jim Wells County. Relator, as authorized by Article 2331, Vernon's Revised Statutes, instituted proceedings in the District Court seeking to have the female minors Carol Jean Weston, aged three and a half years, and Betty Ruth Weston, aged two years, each declared a dependent or neglected child. Relator averred he was the father of said minors and Mrs. Ruby Weston, his divorced wife, their mother. Said minors were alleged to be in the physical care and custody of Mrs. G. G. West.

Mrs. Ruby Weston filed an answer. After a trial before the court without a jury judgment was entered denying the prayer of relator, and finding that relator failed to prove the material allegation of his petition or complaint.

Article 2330, Vernon's Statutes, defines a dependent or neglected child. Relator averred that the children were a dependent child because (a) that they do not have and neither of them has proper parental care or guardianship, this by reason of the neglect, cruelty and depravity on the part of their mother, the divorced wife of relator, in whose custody the children are; further that the children are permitted by the mother to be in and about places where intoxicating liquors are sold.

On the 19th day of December, 1949, the District Court of Nueces County granted relator a divorce from respondent, Mrs. Ruby Weston. The care and custody of the minors, by the decree was awarded to the respondent and relator was ordered to pay $75 per month for their support.

Whether or not a child is a dependent or neglected child within the meaning of art. 2330 R.S. is a question of fact. A finding of the trial court on this question of fact is binding on the Court of Civil Appeals unless such finding is without evidence to support it, or unless against the preponderance of the evidence. Nelson v. Clifton, Tex.Civ.App. 202 S.W.2d 471; Mitchell v. Davis, Tex.Civ.App., 205 S.W. 2d 812, 12 A.L.R.2d 1042. (Wr. ref.).

No good purpose would be served by summarizing the evidence. Suffice it to say that in our opinion it was insufficient to establish as a matter of law that either of the minors was a dependent or neglected child. In our opinion the judgment of the able and experienced trial judge had ample support in the testimony.

It is ordered that the judgment of the trial court be in all things sustained.