**NAILLING et al. v. EVANS.**

**No. 15514.**

Court of Civil Appeals of Texas.

Fort Worth.

May 28, 1954.

William B. Henley, Jr., Dallas, for appellants.

Kennedy & Granberry, and C. W. Kennedy, Jr., Crockett, for appellee.

RENFRO, Justice.

On August 13, 1953, the appellants herein, Mary Eloise Nailling and husband, Tom H. Nailling, filed a petition in the Juvenile Court of Dallas County requesting that Mrs. Nailling's two minor daughters by a former marriage be adjudicated to be dependent and neglected children and that she be awarded their custody. The father of the children, Jeff Edward Evans, of Houston County, appellee herein, was named as an adverse party.

Appellants alleged that the children were dependent and neglected children because Evans, their father, with whom they resided, maintained an apartment in the home of one Rhone in Crokett, Texas, and left the children in care of Rhone while he was working, and for that reason the children did not have proper parental care. They further alleged that Rhone committed lascivious, immoral and indecent acts upon Joyce Marie, age 11, while she was ill with scarlet fever. By trial amendment, after

both parties closed, appellants alleged that the indecent acts also occurred both before and after the child had scarlet fever. In the trial amendment they abandoned their plea for custody and requested that custody be placed in the Chief Probation Officer of Dallas County or some other suitable person.

The trial court entered judgment on September 4, 1953, decreeing that the children were not dependent and neglected children.

On appeal the appellants take the position that the evidence showed as a matter of law that the children were dependent and neglected children, and further the finding that the children were not dependent and neglected children was clearly against the greater weight of the testimony and the trial judge abused his discretion in finding that they were not dependent and neglected within the meaning of Article 2330 et seq., V.A.C.S.

Whether or not a child is a dependent or neglected child under the law is a question of fact. Nelson v. Clifton, Tex.Civ.App., 202 S.W.2d 471. A finding of the trial court on this question of fact is binding on the appellate court unless the judgment entered is without evidence to support it or unless it is against the preponderance of the evidence. Weston v. Weston, Tex.Civ.App., 241 S.W.2d 753; Sutter v. Yutz, Tex.Civ.App., 223 S.W.2d 554.

When appellant Mrs. Nailling and appellee were divorced in Houston County on December 11, 1947, custody of the two children here involved was awarded to appellee. On October 7, 1952, appellant filed a suit in the District Court of Houston County in an attempt to obtain custody of the children. That case went to trial on March 21, 1953, and on June 8, 1953, judgment was entered continuing the custody of the children with appellee, and providing that the children spend the summer vacations with appellant.

Joyce testified, out of the presence of the interested parties, that an indecent act was committed on her by Rhone in February, 1953, while she had scarlet fever; that on other occasions he came in the room while she was preparing to go to school and molested her and at times was guilty of misconduct toward her in the evenings; that he had not bothered her since April of 1953. She testified that Mrs. Rhone was in the house when all of these events occurred but was downstairs cooking. She further testified that she told her father about Rhone's conduct but later testified she never told her father. She testified that she also told her sister, Lois Jane, age 8, both before and after she had scarlet fever, about the indecencies inflicted upon her by Rhone. However, she finally admitted she never told anyone about the alleged mistreatment until after she had been with her mother several weeks in the summer of 1953 and had learned that under the order of the District Court of Houston County she and her sister were to remain in the custody of their father.

Lois Jane testified that she had never been alone with Rhone, that he had never molested her, and although she testified that she once saw him put his hand on Joyce's legs, she later testified that she never had seen him do anything to Joyce; that Joyce never mentioned anything to her concerning Rhone's conduct until after they had been in Dallas with their mother for several weeks in the summer of 1953.

Appellant Mrs. Nailling testified that sometime after June 20, 1953, Joyce told her that Rhone had committed indecent acts upon her person while she had scarlet fever. Joyce had then been with her for several weeks. She was also told by Joyce, according to her testimony, that Rhone had committed indecent acts upon her once or twice a week for three years.

Judge Johnson, the District Judge who tried the divorce and custody case and the later custody case in Houston County, appeared as a witness in the instant case. He testified that while he had the custody case under advisement he talked with the children separately and privately and asked them specifically whether or not their father or Mr. Rhone or Mrs. Rhone had

ever mistreated them in any way whatsoever, and they assured him that none of the three had ever mistreated them in any way. He further testified that Mrs. Nailling called him long distance on one occasion and told him she was going to have the children regardless of what it took to get them.

Mrs. Rhone is sixty-two years of age and her husband is sixty-five; they live in the ground floor rooms and appellee and his daughters live in a two room apartment upstairs. According to Mrs. Rhone, the father of the children has been away from them at night only twice in the six years they have resided in her home.

The testimony shows that appellee and Rhone both report for work at 7:00 o'clock in the morning and quit about the same time. Appellee lives only one block from his work.

Appellee testified that Joyce had never mentioned any misconduct on the part of Rhone to him; that during the time Joyce had scarlet fever Rhone was not in the apartment; that Joyce told him a few days previous to the hearing on the dependency suit that her mother and stepfather had told her they would beat her if she did not testify that Rhone did those things; that she told him then Rhone did not do what she had accused him of doing.

Numerous witnesses testified to the good reputation and character of appellee and of Mr. and Mrs. Rhone.

The trial court was judge of the credibility of the witnesses and the weight to be given their testimony. In view of the contradictions and inconsistencies in Joyce's testimony; her failure to tell anyone about the alleged misconduct until she had been with her mother several weeks, although she claimed it had been going on weekly for three years; her failure to tell Judge Johnson when he specifically asked her about her treatment at the hands of Mr. and Mrs. Rhone; the testimony of Lois that she never saw any misconduct or heard Joyce mention any misconduct; the improbability of such acts taking place at the times and places claimed by her without her sister or father knowing or hearing anything about it; and in view of the background of two bitter custody fights in which a conscientious judge had done all that he could to learn about the conditions surrounding the little girls, we cannot say that the evidence showed, as a matter of law, that the children were dependent and neglected children.

The trial judge heard the witnesses and observed their demeanor. Considering the record as a whole, we are of the opinion the trial judge did not abuse his discretion. He was reasonably convinced from the evidence the children were not dependent or neglected children and we find sufficient evidence in the record to support his ruling.

The judgment is affirmed.