Reymundo C. GARCIA et ux., Appellants,

v.

Manuel ALEJOS et ux., Appellees.

No. 13324.

Court of Civil Appeals of Texas.

San Antonio.

April 2, 1958.

944

---

Terry, Martin & Bonilla, Corpus Christi, for appellants.

North, Blackmon & White, Corpus Christi, for appellees.

POPE, Justice.

Reymundo C. Garcia and his wife, Manuela A. Garcia, instituted this action for the purpose of having their infant nephew declared dependent and neglected. Dora Flores Alejos and Manuel Alejos, the child's mother and her husband, successfully contested the action. The trial court submitted an issue to a jury inquiring whether the mother had abandoned her child, and the jury found that she had not. The jury failed to answer the only other issue, which inquired about the custody which would be for the best interest of the child. The trial court entered judgment that the child was not dependent and neglected, and then awarded custody to the mother and her husband. Appellants urge that the trial court erred in entering judgment that the child was not dependent and neglected, and urge that, in any event, custody should have been given to them since they had furnished the only home that the child knew, and a change of homes would not be for the best interest of the child.

We affirm the trial court's judgment. There was a patient hearing during which counsel for both sides carefully presented full evidence bearing on the background and present circumstances of the child and the other interested parties. There was a dispute over whether the mother had voluntarily surrendered the child to appellants, but our investigation of the testimony shows that the court was supported by the record in holding against appellants' contention that the child for seven years had known no home but appellants' home. Ample evidence supports the finding of the jury and the court's judgment that the child was not abandoned, which is the only claimed basis that the child is dependent and neglected. The record also shows that the mother and her husband, whom the mother married when the child was two years old, endeavored over a period of many months to get custody of the child from appellants. The mother and her husband sought the aid of various social agencies, the District Attorney, and two Justices of the Peace. Several conferences and informal hearings resulted unsuccessfully, but appellees continually endeavored to obtain custody. There was no abandonment.

The mother and her husband are .poor and there are four other children in the home. Even so, there was no attack upon her or her husband's fitness, nor the manner in which they cared for the other children. Among the several witnesses who testified was a representative from the City County Child Welfare Unit. The child's situation had been under the Unit's observation for several months. The witness stated she had visited the Alejos' home several times, that it was always neat and clean, that the other four children are well cared for, that the entire family was happy to see the child when she brought him to visit in the Alejos' home, and that the child asked to come back. Neighbors reported that Mr. Alejos was sober, hard-working, and enjoyed his home and family. This and other evidence supports the judgment. Weston v. Weston, Tex.Civ.App., 241 S.W.2d 753; Sutter v. Yutz, Tex.Civ.App., 223 S.W.2d 554.

The judgment is affirmed.