SOUTHERN CANAL COMPANY V. STATE BOARD OF WATER ENGINEERS ET AL.

Nos. A-6859 and A-6860. Decided December 3, 1958.
(318 S.W. 2d Series 619)

*McKay & Avery* and *C. N. Avery, Jr.*, all of Austin, *Fulbright, Crooker, Freeman, Bates & Jaworski, Wiley Caldwell, Charles D. Boston* and *John H. Crooker*, all of Houston, for petitioner.

*Will Wilson*, Attorney General, *James N. Ludlum* and *James W. Wilson*, assistants Attorney General, for respondents.

MR. JUSTICE CALVERT delivered the opinion of the Court.

Southern Canal Company instituted two suits against the State Board of Water Engineers and its individual members in a District Court of Travis County. A plea to the jurisdiction was

sustained and the suits were dismissed. The Court of Civil Appeals reversed the judgment of dismissal and remanded the causes for trial. 311 S.W. 2d 938.

The purpose of the suits, as disclosed by the Canal Company's petition, is to review and set aside an order of the Board denying its application for a permit to appropriate water from the Trinity River. The suits were filed under authority of Sections 12 and 13 of Article 7477, Vernon's Annotated Texas Statutes.

By the enactment of the Articles contained in Chapter 1 of Title 128 of our statutes the Legislature has sought, in a comprehensive way, to regulate the use of waters from our rivers, streams and lakes to the end that they will be conserved and used for the greatest public good and in the public interest. To make certain that such waters are so conserved and used the Legislature has created The State Board of Water Engineers and has entrusted to it broad discretion, within certain statutory limits, in determining whether an application for a permit to appropriate and divert such waters to a particular use shall be granted or denied. The Legislature has specifically provided that it shall be the duty of the Board, in determining applications, "to reject all applications and refuse to issue the permit asked for if there is no unappropriated water in the source of supply; or if the proposed use will impair existing water rights, or is detrimental to the public welfare." Art. 7506, V.A.T.S. It has directed the Board to issue a permit if the proposed appropriation contemplates use of the water for approved purposes, does not impair existing water rights or vested riparian rights, and is not detrimental to the public welfare. Art. 7507, V.A.T.S.

Right to review of the Board's order is provided in Section 12 of Art. 7477, V.A.T.S., which reads in part as follows:

"Any person affected by any ruling, order, decision or other act of the Board, may, within one hundred and twenty (120) days after the date on which such act is performed, or, in case of a ruling, order, or decision, within one hundred and twenty (120) days after the effective date thereof, file a petition in an action to review, set aside, modify, or suspend such ruling, order, decision or other act. * * *."

Section 13 of Art. 7477, V.A.T.S., reads as follows:

"(13) In all suits brought to review, modify, suspend or set aside rules and regulations, orders, decisions, or other acts

of the Board, the trial shall be de novo, as that term is used and understood in an appeal from a Justice of the Peace Court to the county court. In such de novo trials, no presumption of validity or reasonableness or presumption of any character shall be indulged in favor of any such order, rule or regulation, but evidence as to the validity or reasonableness thereof shall be heard and the determination in respect thereto will be made upon facts found therein, as in other civil cases, and the procedure for such trials and the determination of the orders and judgments to be entered therein shall be governed solely by the rules of law, evidence and procedure prescribed for the courts of this State by its Constitution, Statutes and Rules of procedure applicable to the trial of civil actions. It is the intent of the Legislature that such trial shall be strictly de novo and that the decision in each such case shall be made independently of any action taken by the Board, upon a preponderance of the evidence adduced at such trial and entirely free of the so-called 'substantial evidence' rule enunciated by the courts in respect to orders of other administrative or quasi-judicial agencies."

The basis of the trial court's action in sustaining the plea to its jurisdiction is not fully reflected in the transcript, but it is agreed by the parties that dismissal was ordered by the trial judge because of his conclusion that Section 13, regulating the trial of the suits, is unconstitutional, and that the invalidity of that Section renders Section 12, authorizing the suit, ineffective. The Court of Civil Appeals agreed with the trial judge's conclusion that Section 13 is unconstitutional but held that the invalidity of that Section does not render Section 12 ineffective.

Section 13 was declared unconstitutional by the courts below on the ground that it confers purely administrative duties upon the judicial branch of the government in violation of Section 1 of Article 2 of the Constitution of Texas.[1] It is on that question that the parties primarily join issue.

The constitutionality of Section 13 is in issue only if, properly interpreted, it provides for a de novo trial of the issues heard and decided by the Board.

---

1.—"Section 1. The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted."

■ In Lone Star Gas Co. v. State, 137 Texas 279, 153 S.W. 2d 681, 692, we said: "Power to try a case de novo vests a court with full power to determine the issues and rights of all parties involved, and to try the case as if the suit had been filed originally in that court." The sine qua non of a de novo trial as that term is used to describe a retrial of a matter or controversy theretofore tried by another tribunal is the nullification of the judgment or order of the first tribunal and a retrial of the issues on which the judgment or order was founded. When jurisdiction of the second tribunal attaches, the judgment or order of the first tribunal is not merely suspended, but is nullified. Examples of that type of trial are found in our statutes applicable to appeals from Justice Court judgments and from awards made by the Industrial Accident Board.

Section 16 of Article 5 of our state constitution provides: "In all appeals from Justices Courts there shall be a trial de novo in the County Court * * *." In interpreting and applying that provision it is held that the perfection of an appeal from a judgment of a Justice Court to a County Court *annuls* the Justice Court judgment. Bender Bros. v. Lockett, 64 Texas 566; Moore v. Jordan, 65 Texas 395, 396; Harter v. Curry, 101 Texas 187, 105 S.W. 988. The County Court does not merely *review* the judgment of the Justice Court but tries the issues anew. Patterson Produce Co. v. Tombs, Texas Civ. App., 14 S.W. 2d 959, 960. Article 8307, Sec. 5 of the Workmen's Compensation Act provides that either party to a proceeding before the Industrial Accident Board, being unwilling to abide by the decision of the Board, may bring suit in the proper District Court to set aside the ruling or decision and that the Court shall "determine the issues in such cause instead of the Board and the burden of proof shall be upon the party claiming compensation." It is held that when suit is filed to set aside an award and the District Court acquires jurisdiction "The award of the Industrial Accident Board is vacated and is no longer in force." Zurich General Accident and Liability Ins. Co. v. Rodgers, 128 Texas 313, 97 S.W. 2d 674, 676; Texas Reciprocal Ins. Ass'n. v. Leger, 128 Texas 319, 97 S.W. 2d 677; Liberty Mutual Ins. Co. v. Wright, Texas Civ. App., 196 S.W. 2d 349, writ refused.

■ The type of trial referred to differs in important particulars from the trial of a suit to *review the reasonableness* of an order or a decision, rule, or regulation of an administrative agency, although the latter type of suit is also held to be a *type* of de novo trial in that the evidence is heard anew and the reasonableness of the agency's action is independently adjudged

by the court on the basis of evidence admitted in the judicial proceeding. Fire Dept. of City of Ft. Worth v. City of Ft. Worth, 147 Texas 505, 217 S.W. 2d 664, 666; Jones v. Marsh, 148 Texas 362, 224 S.W. 2d 198; Board of Water Engineers v. Colorado River Municipal Water Dist., 152 Texas 77, 254 S.W. 2d 369, 372. This latter type of trial has come to be known as a trial under the substantial evidence rule. The major side effects of a trial under the substantial evidence rule are that the only issue to be decided is one of law and trial of the fact issues by a judge or jury is avoided.

When Section 13 of Article 7477 is analyzed it is obvious that some of its provisions are utterly inconsistent; that the Legislature has incorporated in it some of the attributes of both types of trial. As indicating that the type of de novo trial first discussed is intended, the section provides that trial shall be strictly de novo as that term is used and understood in an appeal from a Justice of the Peace Court to the County Court; that the decision of the court is to be made upon facts found on the trial as in other civil cases, the procedure and decision to be governed by the rules of law, evidence and rules of procedure applicable to the trial of a civil action; that no presumption of the validity or reasonableness of the Board's order shall be indulged, and decision shall be made from a preponderance of the evidence and shall be made entirely free of the substantial evidence rule. As indicating that the latter type of trial is intended, it is provided that the court is to hear evidence as to the validity or *reasonableness* of the Board's order and that the decision shall be with respect to that issue. The latter provisions contemplate a review of the reasonableness of the Board's order and directly negative any idea that the Board's order is vacated or nullified by the filing of the suit or that the court is to try anew the statutory issues tried by the Board.

The Canal Company, although asserting the constitutionality of Section 13, nevertheless recognizes that the issue to be tried in court is the reasonableness of the Board's order as is evident from its brief in which it states: "What the Board refuses to recognize is that by its plain terms, Section 13 *limits judicial review* of the Board's orders to a determination of whether such orders are *reasonable or valid."*

■ Now, obviously, the courts cannot conduct both types of trial, or even a hybrid type of trial, in the same suit. The two are diametrically opposed to each other. If the issue to be decided and on which evidence is to be heard is the *reasonableness* of

the Board's order, the courts can hardly try the case de novo as that term is used and understood in an appeal from a Justice of the Peace Court to the County Court, for such a trial would require the retrial of the statutory issues (Is there unappropriated water in the source of supply? Will the proposed use impair existing water rights or vested riparian rights? Is the proposed use detrimental to the public welfare?) just as though the proceeding had originated in the courts, and the reasonableness of the order would be wholly immaterial. See cases cited supra. If the issue to be decided and on which evidence is to be heard is the *reasonableness* of the Board's order, decision by the courts cannot be made upon facts found on the trial as in other civil cases and under rules of procedure applicable in other civil cases (jury trial), for the question to be decided is a question of law. Thomas v. Stanolind Oil & Gas Co., 145 Texas 270, 198 S.W. 2d 420, 421; Jones v. Marsh, supra; Board of Firemen's Relief and Retirement Fund Trustees of Houston v. Marks, 150 Texas 433, 242 S.W. 2d 181, 183, 27 A.L.R. 2d 965; Hawkins v. Texas Co., 146 Texas 511, 209 S.W. 2d 338, 340. If the issue to be decided and on which evidence is to be heard is the *reasonableness* of the Board's order, decision cannot be made from a preponderance of the evidence or entirely free of the substantial evidence rule, for the legal test of the reasonableness of an order of an administrative agency is whether it is reasonably supported by substantial evidence and not whether it is supported by a preponderance of the evidence. Thomas v. Stanolind Oil & Gas Co., supra; Hawkins v. Texas Co., supra; Board of Firemen's Relief, etc., v. Marks, supra.

It thus appears that while the Legislature by the enactment of Section 13 has provided for a trial in court of a law question it has sought to require that it be tried under rules governing trial of fact questions. An effort to enforce the section literally would lead to an impossible situation. If a jury were demanded, what issue would be submitted? Presumably, the issue would be substantially in this form: "Do you find from a preponderance of the evidence that the Board's order is reasonable?" Under our decisions an administrative order is reasonable, as a matter of law, if it is supported by substantial evidence, Board of Water Engineers v. Colorado M.W. Dist., 152 Texas 77, 254 S.W. 2d 369, 372 ("If an order is reasonably supported by substantial evidence it is reasonable; otherwise it is unreasonable"), and the utterly incongruous effect of the issue would be to have the jury decide as a fact from a preponderance of the evidence whether as a matter of law the order is supported by substantial evidence.

■ Courts are reluctant to strike down a legislative act because of conflicting or vague provisions. The general rule is that inconsistencies will be resolved, if possible, in order to give effect to the dominant legislative intent manifested by a statute. 39 Texas Jur. 205-208, Statutes, Secs. 110, 111. But when the provisions of a statute are so inharmonious and conflicting as to render it impossible of execution, the courts have no alternative but to declare it inoperative and void. Hill County v. Sheppard, 142 Texas 358, 178 S.W. 2d 261; Hamrick v. Simpler, 127 Texas 428, 95 S.W. 2d 357; Walsh v. McConnell, Texas Com. App., 273 S.W. 833; Dewrell v. Kearley, 250 Ala. 18, 32 So. 2d 812; 39 Texas Jur. 43-44, Statutes, Sec. 21; 50 Am. Jur. 484, Statutes, Sec. 472; 82 C.J.S. 119, Statutes, Sec. 68d, p. 119. Our analysis of Section 13 impels the conclusion that it must be declared void.

■ We recognize that our holding in this case is not entirely in harmony with our decisions in rate cases. Article 6448, V.A.T.S., commits to the Railroad Commission of Texas the duty of fixing reasonable freight rates. Arts. 6453 and 6454, V.A.T.S., give a dissatisfied party the right to file a suit contesting the rate fixed, which suit "shall be tried and determined as other civil causes" and in which suit the issue to be tried is the *reasonableness* or *justness* of the rate. This court has held that those statutes accord a trial de novo of the very fact issue determined by the Commission. Railroad Commission of Texas v. Houston & T.C. R. Co., 90 Texas 340, 38 S.W. 750; Railroad Commission of Texas v. Weld & Neville, 96 Texas 394, 73 S.W. 529; Gulf C. & S. F. R. Co. v. Railroad Commission of Texas, 102 Texas 338, 113 S.W. 741, 116 S.W. 795; Railroad Commission of Texas v. Houston Chamber of Commerce, 124 Texas 375, 78 S.W. 2d 591; Texas & N. O. R. Co. v. Railroad Commission of Texas, 286 S.W. 2d 112. A similar construction of similar statutory provisions (Art. 6059, V.A.T.S.) has been made with respect to administrative fixing and judicial review of gas rates. State v. Lone Star Gas Co., Texas Civ. App., 86 S.W. 2d 484, writ refused; Lone Star Gas Co. v. State, 137 Texas 279, 153 S.W. 2d 681; Railroad Commission of Texas v. Houston Natural Gas Corp., 155 Texas 502, 289 S.W. 2d 559. For many years rate cases have been treated by our courts as occupying a special category. They stand alone in the respect discussed. We decline to extend the holding in rate cases to appeals from orders of administrative agencies in other fields of law where the legislature directs a trial of the reasonableness of the orders.

It may be observed that our holding in this case is not out

of harmony with our holdings in cases involving appeals from Justice of the Peace to County Courts or appeals to the District Courts from awards of the Industrial Accident Board. In neither instance is the second tribunal directed to try the issue of the *reasonableness* of the first tribunal's judgment or order. Moreover, in appeals in workmen's compensation cases the District Court is directed to "determine the issues in said cause instead of the Board," thus requiring a retrial of the issues tried by the Industrial Accident Board.

If the Legislature truly wishes to provide for a strict de novo trial of the statutory issues decided by the Board, it can easily so provide. It can provide, for instance, that when suit is filed and the District Court acquires jurisdiction the Board's order shall be null and void and of no force or effect and that the applicant's right to a permit shall be determined by the court upon a trial of the statutory issues conducted under rules governing the trial of other civil suits, just as though the matter had been committed to the courts in the first instance and there had been no intervening decision by the Board. No doubt before enacting such a statutory provision the Legislature would give careful consideration to some of its consequences—that decision of technical matters would be removed from the hands of trained personnel and lodged with the untrained; that an administrative agency of its own creation would become a useless appendage; and that whereas on conflicting testimony one judge or jury could and well might determine, for example, that there was not sufficient unappropriated water to justify the granting of a permit, or that the granting of the permit would be detrimental to the public welfare, another judge or jury trying the right to a subsequent application, on the same evidence, would determine that there was sufficient unappropriated water to require the granting of the permit and that the granting of it would not be detrimental to the public welfare. And even if enacted, the courts would still have to decide whether such a statute contravened Section 1 of Article 2 of the Constitution.

■ We agree with the holding of the Court of Civil Appeals that the invalidity of Section 13 of Article 7477 does not render invalid Section 12 which gives a right of judicial review in the District Court or Section 14 which provides for review of the District Court's judgment in the Court of Civil Appeals and the Supreme Court. Those sections evidence a clear legislative intent that the right to judicial review of the Board's orders shall be accorded. Section 13, which purports to do nothing more than direct the manner and procedure of the trial, is clearly sever-

able from Sections 12 and 14 which give a right of judicial review. When it is stricken there yet remains a complete and workable law under which review of the reasonableness of the Board's order may be had under the substantial evidence rule. City of Taylor v. Taylor Bedding M'f'g. Co., Texas Civ. App., 215 S.W. 2d 215, writ refused; Harris County Water Control and Imp. Dist. v. Albright, 153 Texas 94, 263 S.W. 2d 944.

■ Respondent Board urged another plea to the trial court's jurisdiction which was not decided by the trial judge. The plea was nevertheless urged upon the Court of Civil Appeals and is urged here as a basis for sustaining the trial court's order of dismissal. The Court of Civil Appeals declined to affirm the order of dismissal on the basis of the plea on the ground that the plea presented fact questions which should be determined only after hearing and with the parties being afforded an opportunity to amend their pleadings.

The plea is quoted in full in the opinion of the Court of Civil Appeals (311 S.W. 2d 943) and need not be repeated here. Its substance is that the suits filed by the Canal Company seek a review of Board orders on two applications for permits which have never been considered by the Board and which are wholly different from the application which the Board did in fact consider and deny. It is urged that the statutes confer primary jurisdiction on the Board to hear and determine applications and that the District Court therefore has no jurisdiction to try cases involving applications for permits which have not been heard and decided by the Board.

The Board's legal proposition is undoubtedly sound. See Kavanaugh v. Underwriters Life Ins. Co., Texas Civ. App., 231 S.W. 2d. 753, writ refused; Railroad Commission of Texas v. Brown Express, Texas Civ. App., 106 S.W. 2d 327, 329, writ dismissed.

The Canal Company filed two "presentations" with the Board under and in conformity with the provisions of Article 7496, V.A.T.S. The first presentation was filed on August 17, 1953, was given Board No. 1284 and gave notice of intent to apply for a permit to withdraw and divert not to exceed from 100 million to 150 million gallons of water per day from the Trinity River for domestic, municipal and industrial uses along the north and south sides of the Houston Ship Channel in Harris County. The second presentation was filed on August 26, 1953, was given Board No. 1285 and gave notice of intent to apply for a permit to

withdraw and divert not to exceed from 75 million to 100 million gallons of water per day for domestic, municipal and industrial uses in the Center Bayou Point region of Chambers County. The presentations were renewed from time to time as required by Art. 7496. Only one application for a permit was filed. It was filed on August 15, 1956, was given Board No. 1990 and was by its terms specifically based upon presentations Nos. 1284 and 1285. The application did not seek separate permits for specific amounts of water to be used in Harris and Chambers Counties, respectively, but sought a single permit to appropriate 224,110 acre feet of water per annum to be used in the eastern part of Harris County and the western part of Chambers County, 50,000 acre feet for municipal uses and 174,110 acre feet for industrial uses. It was this application which was denied by the Board. The Canal Company then filed its two suits simultaneously. Its first suit was given docket No. 107,508 (our No. A-6859) and seeks to set aside the order of the Board in so far as it denied a permit to take 56,000 acre feet of water per annum, 6,000 acre feet of which is to be used for municipal purposes and 50,000 acre feet for industrial purposes in western Chambers County. Its second suit was given docket No. 107,509 (our No. A-6860) and seeks to set aside the order of the Board in so far as it denies a permit to take 168,110 acre feet per annum, 44,000 acre feet to be used for municipal purposes and 124,110 acre feet for industrial purposes in eastern Harris County.

We have no information concerning the rules or regulations of the Board for hearing and determining applications or concerning the formality or informality of its hearings. For aught we know all of the evidence at the hearing before the Board may have been directed at the two presentations and the Board may have regarded the application as presenting distinct issues bearing on the right to two separate permits, one for use of water in Chambers County and the other for use of water in Harris County. If the Board had regarded it as necessary or even important it no doubt could have required that separate applications be filed pursuant to the separate presentations. We do not know the rule, custom or practice of the Board with respect to the granting of permits for less water than the total amount applied for. Presumably, an application for a permit to take more water than was available or an amount which was detrimental to the public welfare would not prevent the Board from granting a permit for an amount which was available and which was not detrimental to the public welfare. In any event, in denying the application in toto the Board assuredly denied the Canal Company a permit to appropriate 56,000 acre feet of water for

municipal and industrial uses in western Chambers County and 168,110 acre feet for municipal and industrial uses in eastern Harris County. The Canal Company does not seek by its two suits to secure the right to withdraw more water than it applied for, nor does it seek to devote it to different uses, and we cannot hold as a matter of law on the records before us that the Board did not hear and determine the matters involved in the two suits.

The judgment of the Court of Civil Appeals is affirmed. Costs in this court are divided equally between the parties.

Opinion delivered December 3, 1958.