**TEXAS STATE BOARD OF DENTAL EXAMINERS, Appellant,**

v.

**Dr. Hugo FIELDSMITH (Fieldschmidt), Appellee.**

**No. 16433.**

Court of Civil Appeals of Texas.

Dallas.

Dec. 18, 1964.

Rehearing Denied Jan. 29, 1965.

Waggoner Carr, Atty. Gen., and Pat Bailey, Asst. Atty. Gen., Austin, for appellant.

Ralph Gismant, Dallas, for appellee.

DIXON, Chief Justice.

Texas State Board of Dental Examiners has appealed from a judgment of a district court setting aside the Board's order revoking the license of Dr. Hugo Fieldsmith to practice dentistry in the State of Texas.

Dr. Fieldsmith, appellee, was charged with violation of Section (g) of Article 4549, Vernon's Ann.Civ.St. in that he permitted an unlicensed employee named Ruby Conner to practice dentistry on several occasions on Charles McDowell, Willie Buford and Marion Tuck; and also permitted his unlicensed employee Adolph Korngut to practice dentistry on Wayne R. Youngblood. Subsequent to the Board's action revoking his license Dr. Fieldsmith took an appeal to the district court pursuant to Art. 4549, V.A.C.S. The court in setting aside the Board's order held that (1) the order did not have reasonable support in substantial evidence and (2) Dr. Fieldsmith was denied due process of law.

The Board's first two points on appeal are that the trial court erred in (1) substituting its discretion for the statutory discretion of an administrative agency and (2) in holding that the Board's order did not have reasonable support in substantial evidence. We agree with appellant.

Our courts have held that an appeal to the district court under the dental statute must be tried in accordance with the substantial evidence rule. Texas State

Board of Dental Examiners v. Fenlaw, Tex.Civ.App., 357 S.W.2d 185, 187; State Board of Dental Examiners v. Fieldsmith, 242 S.W.2d 213, 26 A.L.R.2d 990 (ref. n. r. e.); Tamez v. State Board of Dental Examiners, Tex.Civ.App., 154 S.W.2d 976.[1] whether there is substantial evidence to support the Board's order is a question of law. In such cases if there is substantial evidence introduced in the district court reasonably supporting the Board's order, the order must stand notwithstanding the fact that the evidence may be conflicting. The district court cannot substitute its discretion for that of the Board. Northeast Tarrant County Water Authority v. Board of Water Engineers, Tex.Civ.App., 367 S.W.2d 720, 726; Texas Liquor Control Board v. Warren, Tex.Civ.App., 360 S.W. 2d 821, 823; Texas State Board of Dental Examiners v. Fenlaw, Tex.Civ.App., 357 S.W.2d 185; Vrocher v. Texas Liquor Control Board, Tex.Civ.App., 350 S.W.2d 349; Texas Liquor Control Board v. Cervantes, Tex.Civ.App., 333 S.W.2d 466; Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619, 623–624; Board of Water Engineers v. Colorado River M.W. Dist., 152 Tex. 77, 254 S.W.2d 369, 372; Hawkins v. Texas Co., 146 Tex. 511, 209 S.W.2d 338; Board of Firemen's Relief, etc. v. Marks, 150 Tex. 433, 242 S.W.2d 181.

■ In this case the court prefaced his utterance of the judgment with this statement from the bench:

"* * * where the Court might have denied the appeal of the Plaintiff if the action of the State Board of Dental Examiners had been a thirty or even a sixty day suspension of Dr. Hugo Fieldsmith's license, the Court was influenced in its decision and took into consideration in making its deci-

sion the fact that the State Board of Dental Examiners revoked and cancelled the license of Dr. Fieldsmith to practice dentistry in the State of Texas; * * *."

The quoted statement indicates that the court felt that the Board's order of cancellation was too severe, otherwise the order would have been sustained. To that extent the court was substituting its own discretion for that of the Board. Appellant's first point is sustained.

■ There was substantial evidence presented in the district court in support of the Board's order. Charles McDowell testified that on various occasions Ruby Conner, an employee of Dr. Fieldsmith, put medicine in his jaw, treated the place where two teeth had been extracted, removed a piece of bone from his jaw, removed a temporary filling from a tooth, drilled on his teeth, placed permanent fillings in his teeth, and cleaned his teeth. Willie Buford testified that Ruby Conner made impressions of his front teeth and fitted a gold crown on a tooth. Marion Tuck testified that Ruby Conner made impressions of his teeth for the purpose of constructing a fixed bridge and later adjusted the bridge to his teeth. Wayne R. Youngblood testified that Adolph Korngut, also an employee of Dr. Fieldsmith, fitted and adjusted a partial plate for him. It is undisputed that neither Ruby Connor nor Adolph Korngut has a license to practice dentistry.

Dr. Fieldsmith, Ruby Conner and Adolph Korngut contradicted the testimony of the Board's witnesses. They testified that they assisted Dr. Fieldsmith by mixing dental cement, squirting water in the patients' mouths, and building dental plates in the laboratory, but that they did not practice

---

1. On November 21, 1964 our Supreme Court in the case of Scott v. Texas State Board of Medical Examiners, 384 S.W.2d 686 mentioned that neither the dental statute, Art. 4549, nor the pharmacy statute, Art. 4542a, Sec. 12, nor the op- tometry statute, Art. 4563, requires that the proceeding on appeal from the acts of said Boards revoking and cancelling licenses shall be by trial *de novo* as in the appeal from the justice court to the county court.

dentistry. A supplier of dental materials also testified that a partial plate introduced as an exhibit was not made from material sold by him to Dr. Fieldsmith.

The testimony was sharply in conflict, but there was an abundance of substantial evidence in support of the Board's order. Appellant's second point is sustained.

In its third point on appeal appellant charges that the court erred in holding that appellee was denied due process of law by appellant. The court so held because Dr. Emmett Johnson, a member of the Board, had participated in the investigation which led to the filing of the complaint against Dr. Fieldsmith.

Charles McDowell, one of the witnesses, was an employee of Texas Bank & Trust Company. He went to Dr. Fieldsmith for dental work on Dr. Johnson's recommendation. The State of Texas through Dr. Johnson advanced money to McDowell to pay for the dental work. Dr. Johnson did likewise in the case of Willie Buford, an employee of Texas Bank Building where Dr. Johnson had his office, and in the case of Marion Tuck, an employee of the Texas Bank Garage. Another witness for the State, Wayne Youngblood of Austin, Texas, an employee and investigator for the Board, was reimbursed by the State for the money expended in having dental work done by Dr. Fieldsmith.

The complaint was filed by Tom A. Garner, investigator and Assistant Executive Secretary of the Board. Garner testified that he selected and hired the men who went to Dr. Fieldsmith for dental work after Dr. Johnson had found out that they needed dental treatment. Afterward Garner, in Dr. Johnson's office, took the statements of the men as to what had happened on the occasions when they had gone to Dr. Fieldsmith. Each man had first written out his statement in his own handwriting. The statement was then typed and afterward signed and sworn to before a notary in some other office in the building. Garner, acting for the State, also advanced the money or part of it to enable the witnesses to pay for the dental work.

Article 4549 of the dental statute contemplates that complaints may be made by a member of the Board or its agents and employees, and a complaint so made shall be filed by the Secretary and set down for hearing before the Board after notice.

Dr. Fieldsmith, though duly notified, chose not to appear at the hearing before the Board. No testimony was offered in his behalf. Testimony was offered in behalf of the State. At the conclusion of the hearing all six members of the Board, including Dr. Johnson, voted in to revoke and cancel Dr. Fieldsmith's license. Even if we were to hold (we do not so hold) that Dr. Johnson was disqualified to sit as a Board member at the hearing, we are faced with the undisputed fact that the other five members voted unanimously to revoke Dr. Fieldsmith's license.

At the hearing on appeal in the district court Dr. Fieldsmith and several other witnesses appeared and testified in his behalf. The State's witnesses withstood cross-examination.

■■ It must be remembered that the Texas Board of Dental Examiners is an administrative agency. It is charged with the duty of aiding in the enforcement of the statutes regulating the practice of dentistry. To that end it is authorized to hire investigators, make complaints and to revoke a dental license for any one or more of the causes set out in the statute. The statute does not provide for disqualification of a Board member because he aided in an investigation.

We have not found a case exactly in point, but we think some light is shed on the question by the opinions in these cases: State Board of Dental Examiners v. Fenlaw, supra; Farb v. State Banking Board, Tex.Civ.App., 343 S.W.2d 508; State Banking Board v. McCulloch, Tex.Civ. App., 316 S.W.2d 259. Appellant's third point is sustained.

The judgment of the trial court is re-versed and judgment is here rendered sustaining and affirming the action of the Board in revoking Dr. Fieldsmith's license to practice dentistry in Texas.

Reversed and rendered.