FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION OF the CITY OF PORT ARTHUR, Texas, et al., Appellants,

v.

Glenn F. HAMMAN, Appellee.

No. 6797.

Court of Civil Appeals of Texas.

Beaumont.

July 8, 1965.

Rehearing Denied Sept. 8, 1965.

Cary Young, Port Arthur, H. P. Robichau, Jr., Beaumont, for appellants.

Keith, Mehaffy & Weber, Beaumont, for appellee.

STEPHENSON, Justice.

This is a case involving the suspension of a policeman under Article 1269m, Vernon's Ann.Civ.St., Glenn Hamman was indefinitely suspended by the Director of Police of Port Arthur, Texas, May 13, 1964. An appeal to the Firemen's and Policemen's Civil Service Commission, hereinafter called "Commission", resulted in an order of June 15, 1964, that the suspension be reduced to six months without pay. Hamman appealed to the District Court on June 22, 1964. On June 24, 1964, Hamman was indefinitely suspended a second time by the Director of Police, which order was upheld by the Commission August 28, 1964. Hamman appealed from this second order to the District Court. Both appeals were included in an amended petition and tried together before the court. Judgment was rendered upholding the six month suspension under the first suspension, but setting aside the indefinite suspension under the second suspension. Both the Commission and Hamman have appealed.

We consider first the first suspension. Hamman contends he was denied due process because the Commission was illegally constituted in that Commissioner LeBlanc also acted as a witness and a prosecutor. It is also contended Commissioner LeBlanc and Draughon were not qualified to serve. LeBlanc had previously served as a member of the Port Commission and Draughon had served as a member of the Charter Change Commission. Neither of these were "Public Offices" as prohibited by Article 1269m, V.A.C.S., and did not disqualify these men to serve in their present capacities. Article 1269m, sec. 5a, V.A.C.S., provides for the Commission to make investigation, which was done in this instance. Such investigation did not disqualify LeBlanc to sit on the Commission in the Hamman Hearing. These points are overruled.

Hamman filed a motion in the trial court that this cause be heard "de novo" with a trial by jury, which motion was denied. The record shows the case was tried "de novo" and the judgment demonstrated that the "substantial evidence" rule was applied by the court. Hamman was not entitled to a trial by jury in this case. "Trial de novo" in these cases means "a trial to determine only the issues of whether the agency's ruling is free of the taint of illegality and is reasonably supported by substantial evidence." Fire Dept. of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664.

Hamman also contends there was not substantial evidence to support the charges against him, especially as to the date of the alleged primary offense. We conclude from a study of the record before us that there was substantial evidence. The point is overruled.

As to the second suspension, the primary question for this court to determine is whether or not the Director of Police had the authority to suspend Hamman a second time, while Hamman was under the six

months suspension, for acts occurring prior to the date of the first suspension. It has been made clear by the Supreme Court in Bichsel v. Carver, 159 Tex. 393, 321 S. W.2d 284, that the charges filed in the first suspension could not have been amended to include the charges set out in the second suspension. This is as provided by Sec. 16 of Article 1269m, V.A.C.S.

We are of the opinion that the Director of Police was limited to his original charges and that a new set of charges for acts occurring prior to the date of the first suspension could not be filed later even though such filing is within six months from the date of the occurrence of the alleged offense. We point out, as the Supreme Court did in the Bichsel v. Carver case, supra, that the wisdom of sec. 16 of Article 1269m, V.A.C.S., is a legislative matter, and where it is unambiguous and its validity is not attacked, it is our duty to follow it.

Judgment affirmed.