**FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION of the CITY OF PORT ARTHUR, Texas, et al., Petitioners,**

**v.**

**Glenn F. HAMMAN, Respondent.**

**No. A–11060.**

Supreme Court of Texas.

May 25, 1966.

Rehearing Denied June 29, 1966.

H. P. Robichau, Jr., Beaumont, Cary Young, Port Arthur, for petitioners.

Keith, Mehaffy & Weber, Beaumont, for respondent.

STEAKLEY, Justice.

Glenn F. Hamman, a policeman with the rank of Inspector, was indefinitely suspended by the Director of Police of Port Arthur, Texas, on May 13, 1964. He appealed to the Firemen's and Policemen's Civil Service

Commission which reduced his suspension to six months without pay. He appealed this order to the district court. On June 24, 1964, Hamman was again indefinitely suspended for different acts and this suspension was upheld upon appeal to the Commission. He again appealed to the district court where the two appeals were consolidated for trial. The trial court upheld the first suspension but set aside the second. The Court of Civil Appeals affirmed. 393 S.W.2d 406. It reasoned that since the second suspension rested on acts which occurred prior to the date of the first suspension, the second suspension was precluded by Sec. 16 of Article 1269m [1] and our opinion in Bichsel v. Carver, 159 Tex. 393, 321 S.W.2d 284. We granted the Commission's application for writ of error to review this question. Hamman, who also appealed the trial court judgment upholding the first suspension, and whose points of error were overruled by the Court of Civil Appeals, filed application for writ of error conditioned upon our granting that of the Commission. As is our practice, we granted the conditional application upon granting that of the Commission.

We sustain the Commission's point of error that the Court of Civil Appeals misinterpreted Sec. 16 of Article 1269m and our holding in *Bichsel.* Section 16 of Article 1269m provides:

"The Chief or Head of the Fire Department or Police Department of the city government shall have the power to suspend indefinitely any officer or employee under his supervision or jurisdiction for the violation of civil service rules, but in every such case the officer making such order of suspension shall, within one hundred and twenty (120) hours thereafter, file a written statement with the Commission, giving the reasons for such suspension, and immediately furnishing copy thereof to the officer or employee affected by such act, said copy to be delivered in person to such suspended officer or employee by said department head. * * *

"* * * In any civil service hearing hereunder, the department head is hereby restricted to his official written statement and charges, which shall not be amended, and no act or acts may be complained of by said department head which did not happen or occur within six (6) months immediately preceding the date of suspension by the department head."

It is clear that an amendment of an original statement or charge is impermissible. We said in *Bichsel* "We must agree * * * that the statute does limit the Chief to his original written charges which may not be amended." It was pointed out in *Bichsel* that the City Attorney had conceded the insufficiency of the charges and had requested permission to withdraw them; the second or amended set of charges was described in the opinion as alleging "virtually the same facts, and the charges were substantially the same as those in the original set. They related to and grew out of the same incident." Section 16 of Article 1269m does not, however, purport to prohibit more than one charge in any given six-months period. A statement or charge based on acts and incidents unrelated to and differing from those supporting a pending charge is not an amendment of the existing charge and is not barred by the statute. A six-months limitation period in favor of the policeman or fireman is established and a charge is limited to acts occurring during such period. But the statute does not provide immunity from accountability for all acts occurring six months prior to and different from a particular original filing. We pointed out in *Bichsel* that amendments of charges are generally permitted but it is otherwise in this type of case because of the express provisions of the statute. We find no basis for extending the statutory language to preclude a charge later in time,

---

1. The reference is to the Article number as carried in Vernon's Annotated Texas Civil Statutes.

and based upon different acts and conduct, because such acts occur within six months of a previously pending charge. Here we have two different charges based on different acts; the succeeding charge and suspension are not precluded by the fact that the acts upon which they were based occurred within six months preceding the date of the suspension under the first charge.

In his application for writ of error, Hamman presented points of error asserting in substance that he was entitled to a preponderance of evidence—as distinguished from a substantial evidence—trial on his appeal to the district court; that he suffered injury and a deprivation of due process of law because of the participation in the hearing of one member of the Commission who had also investigated his acts and conduct; and that the six-months suspension upheld by the trial court and the Court of Civil Appeals was not based on substantial evidence and represented arbitrary action.[2]

Hamman's appeal to the courts is governed by the substantial evidence rule as correctly held by the Court of Civil Appeals. Section 18 of Article 1269m provides that appeals to the district court from decisions of the Commission "shall be tried de novo." A substantial evidence trial is a trial de novo and is in full compliance with the statutory requirement of a de novo trial on appeal. In Fire Department of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664 (1949), this Court considered the appeal provisions of Section 18 of Article 1269m and said:

"The extent of such a review has been rather generally held to be limited to an ascertainment of whether there was substantial evidence reasonably sufficient to support the challenged order [citing cases]. There is nothing in Section 18 to suggest that the district court is empowered to do more. Although the statute provides for a trial de novo, this term as applied to reviews of administrative orders has come to have a well-defined significance in the decisions of this state, and as a rule has been taken to mean a trial to determine only the issues of whether the agency's ruling is free of the taint of any illegality and is reasonably supported by substantial evidence [Citing cases]."

To the same effect see Kavanaugh v. Holcombe, Tex.Civ.App., 312 S.W.2d 399 (writ ref. n. r. e. 1958); accord Bichsel v. Strickland, 371 S.W.2d 785 (Tex.Civ.App. 1963, no writ hist.), and cases cited; see also Board of Water Engineers of Texas v. Colorado River Municipal Water Dis-

2. Hamman also has a point of error asserting that the Commission which suspended him was an illegally constituted tribunal; however, the extent of his presentation thereunder is a reference to an allegation in his pleadings, to wit: "He alleged that two members of the Commission who voted were disqualified as a matter of law because: (1) Draughon had been a member of the Port Arthur Charter Commission, having been elected on January 20, 1962, under the provisions of Article 1165, R.S., and not having finished his work thereon until December 1, 1962. (2) LeBlanc had been a member of the Port Commission of the City of Port Arthur, created under the provisions of Article XVI, Sec. 15, of the Charter." The point is not briefed or otherwise mentioned in Hamman's application for writ of error because, no doubt, of the following additional statement in his pleadings:

"(c) Having a Commission which was composed of three members who possessed the qualifications required by law, two of said Comissioners were replaced by other and different men, namely the Defendants DRAUGHON and LE BLANC. [This Plaintiff does not in this proceeding attack the legality of the appointment of said persons to said Commission nor does he seek to bring about a dismissal of the charges solely for the reason that neither of said members possessed the statutory qualification to hold their respective offices; rather, he submits this as one of the circumstances showing that the removal of your Plaintiff was not brought about in good faith.] Neither of the individual Defendants named herein was eligible to hold said office for these reasons: * * *"

trict, 152 Tex. 77, 254 S.W.2d 369 (1953). The Legislature did not in Section 18 of Article 1269m purport to provide for or require a de novo trial on appeal in the full sense. Cf. Scott v. Texas State Board of Medical Examiners, 384 S.W.2d 686 (Tex. Sup.1964), and Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619 (1958).

■ We further hold that Hamman was not denied procedural due process of law in the fact that one of the three members of the Commission participated in the investigation of the acts supporting the six-months suspension ordered by the Commission. It is argued by Hamman that participation of a Commission member in both the investigatory and decisional phases of an administrative proceeding is a disqualifying fact and imposes a taint of illegality upon the proceeding which, in turn, destroys the presumption of validity of the order of the Commission. Stated otherwise, that since the order here will be upheld by the courts in a substantial evidence trial if it has support in the evidence, regardless of the existence of contrary evidence, Hamman has not under such circumstances been afforded procedural due process of law.

The statute imposes duties of investigation and inspection upon the Commission. Section 5a of Article 1269m reads, in part:

"The Commission may make investigations concerning, and report upon all matters touching, the enforcement and effect of the provisions of this Act, and the rules and regulations prescribed hereunder; shall inspect all institutions, departments, offices, places, positions and employments affected by this Act at least once every year; and shall ascertain whether this Act and all such rules and regulations are being obeyed. Such investigations may be made by the Commission or by any Commissioner designated by the Commission for that purpose. * * *"

In recently denying the application for writ of error in Texas State Board of Dental Examiners v. Fieldsmith, Tex.Civ. App., 386 S.W.2d 305 (writ ref. n. r. e. 1965), an appeal governed by the substantial evidence rule, we considered the problem of a statutory combination of investigatory and adjudicatory functions in an administrative agency. There an order of the Board of Dental Examiners revoking a license to practice dentistry was assailed as invalid because of denial of due process in the fact that a member of the Board who participated in the investigation which resulted in the filing of the complaint also participated in the hearing and in the vote to revoke the license. We were in agreement with the holding of the Court of Civil Appeals that there was not a denial of procedural due process of law under the circumstances there shown. The Court emphasized the statutory duties of the Board, including those of investigation, in administering the statutes regulating the practice of dentistry and the fact that the statute does not disqualify a Board member who aids in an investigation. The circumstances here are analogous. See also Farb v. State Banking Board, Tex.Civ.App., 343 S.W.2d 508 (writ ref. 1961); cf. Pangburn v. CAB, 311 F.2d 349 (1st Cir. 1962); Belizaro v. Zimmerman, 200 F.2d 282 (3rd Cir. 1952); Levers v. Berkshire, 159 F.2d 689 (10th Cir. 1947); Brinkley v. Hassig, 83 F.2d 351 (10th Cir. 1936). We do not hold that under no facts or circumstances would a combination of investigatory and adjudicatory functions constitute a denial of due process of law; we hold that there has been no denial here. See, for example, Re Murchison, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955), where one person acted as complainant, prosecutor and judge; National Labor Relations Board v. Phelps, 136 F.2d 562 (5th Cir. 1943), where the examiner was described by the court as "not impartial but partial, not disinterested but partisan," and the situation was described as one in which "bias and prejudice in a judge" reared "its ugly head."

■ The final attack upon the order of the Commission reducing Hamman's in-

definite suspension to six months without pay is that the order was not based on substantial evidence and represented arbitrary action. The argument, which Hamman candidly admits is a "hypertechnical approach," follows. The charge supporting the six-month suspension was that Hamman left the police station, his post of duty, and went to a camp in the Hildebrandt Bayou area at approximately 3:00 a. m. the morning of May 9, 1964. Hamman contends that it was alleged in the charge that he did so on May 10, 1964, a date on which he was off duty, from which it follows that "no reasonable man could find" him guilty, since there was no evidence that he left his place of duty on this particular date. The allegation in question read as follows:

"Under this charge it is specified that on the 9th day of May, 1964, while said Inspector Hamman was on duty as officer in charge of the 11:00 p. m. to 7:00 a. m. shift of the Police Department of the City of Port Arthur, the said Inspector Hamman did, at approximately 3:00 a. m., and before the end of his period of duty, leave the Port Arthur Police station and did proceed to a camp or cottage to the West and outside the City limits of the City of Port Arthur, in the Hildebrandt Bayou area, where the said Inspector remained until after 7:00 a. m. on said date. * * *"

We have no difficulty in reading the foregoing as alleging that Hamman left his post of duty at approximately 3:00 a. m. on the 9th day of May, 1964. It may be true that Hamman's tour of duty began at 11:00 p. m. on May 8 and that he was off duty on the shift which began at 11:00 p. m. on May 9; the crucial allegation is "that on the 9th day of May, 1964 * * * the said Inspector did, at approximately 3:00 a. m. and before the end of his period of duty, leave * * *." The allegations in the charge are not in terms of the times of tours of duty; i. e., from 11:00 p. m. on one date to 7:00 a. m. on the succeeding date. The charge is drafted in the terms of the date on which Hamman left his place of

duty; and the fact that he did so on the date in question, May 9, 1964, does not appear to be disputed. We are unable to agree that he was charged with leaving his place of duty at a time when he was not supposed to be on duty.

We sever this consolidated proceeding into two separate causes. One cause is the appeal of Hamman from the Commission order of June 15, 1964, reducing the indefinite suspension of Hamman by the Director of Police to a suspension of six months without pay. As to this cause the judgments of the trial court and of the Court of Civil Appeals sustaining the six-month suspension order are affirmed.

The second cause is Hamman's appeal from the order of the Commission dated August 28, 1964, upholding the indefinite suspension of Hamman by the Director of Police on June 24, 1964. There was no trial of this cause under the ruling of the trial court. The judgments of the trial court and of the Court of Civil Appeals setting aside this suspension are reversed and this severed cause is remanded to the district court for trial in accordance with this opinion.

ON MOTION FOR REHEARING

Respondent in his motion for rehearing correctly points out that the trial court in its judgment sustained by general reference several of his allegations attacking the suspension order of June 24, 1964, and its sustainment by Petitioner by order dated August 28, 1964, of which complaint was made by Petitioner as Appellant in the Court of Civil Appeals; further, that neither the Court of Civil Appeals nor this Court has expressly written upon these points. He prays in the alternative that the severed cause involving these proceedings be remanded to the Court of Civil Appeals for consideration of these points. Without enumerating them, suffice it to say the points in question are essentially cumulative attacks upon the orders bottomed upon or flowing from the construction of Arti-

cle 1269m urged by Respondent. The absence of merit in these points follows from our construction of the statute contrary to the contentions of Respondent which means, in turn, that the trial court erred in the referred to respects.

The motion for rehearing is overruled.