**Janie ALTAMIRANO, Appellant,**

v.

**DIRECTOR OF the TRAVIS COUNTY CHILD WELFARE UNIT, Appellee.**

No. 11808.

Court of Civil Appeals of Texas, Austin.

March 17, 1971.

Thomas English Edmondson, Austin, for appellant.

Raymond J. Grill, Jr., Travis County Juvenile Court Atty., Austin, for appellee.

SHANNON, Justice.

Appellee filed suit in the 98th District Court of Travis County to declare three of appellant's children "dependent and neglected," pursuant to Art. 2330, Vernon's Ann.Civ.St. Upon the trial to the court, judgment was entered to that effect.

We affirm the judgment of the trial court.

Appellant claims by three points of error that the trial court's finding that appellant's children were dependent and neglected was not supported by any evidence, or that the finding was against the great weight and preponderance of the evidence.

On June 20, 1969 appellee filed suit, and on that date appellant was in a mental hospital where she had been committed by court order since May 15, 1969. On June 15, 1969 one of appellant's children had been killed in an automobile accident, and her husband had suffered a stroke while fighting the woman who had run over the child. Appellant's husband was confined to the hospital at the time this suit was filed and he died in December of 1969.

On June 20, the court ordered that the children be placed in the temporary custody of appellee. On July 24, 1969, the court continued the temporary custody of the children in appellee. The trial, resulting in the judgment on appeal here, was on May 21, 1970.

Appellant was released from the mental hospital on an out-patient basis on August 7 of 1969. She had a history of mental disturbances and had been committed to the mental hospital four times. According to the hospital psychiatrist appellant was suffering from schizophrenia causing a "breakdown in the logical flow of thought." The psychiatrist testified that appellant in this condition would not only have difficulty in rearing the children, but also that if she were not treated, that it would be dangerous to have the children under her care. The psychiatrist testified further that any "stressful condition" could cause a relapse in her illness. Appellant was released from the mental hospital upon the basis that she report to the Mental Health and Retardation Center for consultation and medication, the medication to be continued "indefinitely." The treating psychiatrist's testimony was that unless appellant followed the prescribed out-patient treatment, there would be a "high possibility" that her mental disorders would reappear.

Although there is some conflict in the testimony, appellant in the main failed to keep her appointments at the Mental Health and Retardation Center, and she discontinued the medication soon after leaving the mental hospital. By February of 1970, she had dropped all connection with the Mental Health and Retardation Center and was seeing a private physician, but for an unrelated physical condition. Appellant was called as a witness by appellee; otherwise, appellant put in the record no other testimony.

The trial court found that the medication and treatment at the Mental Health and Retardation Center prescribed by appellant's treating psychiatrist was essential for controlling her mental disorder, thereby minimizing the potential danger in her caring for the children. The court found further that since appellant's release from the mental hospital there was no positive indication that she would follow the program of psychiatric treatment and medication sufficiently to enable her to care for the children without fear of a relapse of her mental problems.

Art. 2330, V.A.C.S. provides in part, "The term 'dependent child' or 'neglected child' includes any child under 18 years of age * * * who has not proper parental care * * *."

Whether or not a child is "dependent" or "neglected" within the meaning of Art. 2330, V.A.C.S. is a fact question. Weston v. Weston, 241 S.W.2d 753 (Tex.Civ.App. 1951). The trial court's findings and judgment on this question are controlling on appeal if supported by probative evidence. Weston v. Weston, supra. Nailling v. Evans, 268 S.W.2d 913 (Tex.Civ.App. 1954).

The evidence in this case supports the judgment of the trial court, and upon the record, we hold that appellant's demonstrated failure to continue the treatment and medication necessary to control her mental disorder renders her incapable of properly caring for her children within the meaning of Art. 2330, V.A.C.S.

The judgment of the trial court is affirmed.

Affirmed.