Cordell LAWSON, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 10763.

Court of Civil Appeals of Texas.

Austin.

May 25, 1960.

Rehearing Denied June 15, 1960.

Carl Wright Johnson, Edward P. Fahey, San Antonio, for appellant.

H. A. Triesch, New Braunfels, for appellee.

HUGHES, Justice.

On June 22, 1959, the Department of Public Safety of Texas entered an order suspending operator's, commercial operator's and chauffeur's licenses and motor vehicle registration receipts and plates issued by the State of Texas to appellant Cordell Lawson.

On June 26, 1959, appellant applied to the court below for a stay of such order of suspension in which he alleged, in part:

"2. That the plaintiff has been requested and ordered by the defendant to satisfy a judgment rendered against him in Cause No. 11553–C, 67th District Court, Tarrant County, Texas, styled Robert Seaborn, et ux, vs. Cordell Lawson, et ux, which judgment was rendered on the 10th day of April, 1959, in the amount of Fifteen Thousand Dollars ($15,000.00), which judgment grew out of a collision which occurred on or about January 20, 1959; that by letter dated June 22, 1959, from the defendant herein, plaintiff has been notified of the suspension of his driver's license of all types and kind and his vehicle registration papers, under the Texas Department of Public Safety case number J–805076, and order dated June 22, 1959."

The Trial Judge granted the stay application pending a disposition of the matter on its merits.

Prior to the trial, appellant filed an amended original petition in which he merely alleged that his various licenses had been suspended by the Department and that such suspension had "no basis in law or in fact and is arbitrary, capricious and unreasonable."

The Trial Court in a nonjury proceeding affirmed the order of suspension.

Upon trial there was received in evidence, without objection, appellant's application for stay of suspension from which we have quoted, and plaintiff's original petition and judgment rendered in Cause No. 11,553–C styled Robert Seaborn et ux. v. Cordell Lawson et ux. in the District Court of Tarrant County, Texas, 67th Judicial District.

With reference to this judgment, appellant testified:

"Q. You said it, and I ask you to repeat, you don't know whether the judgment was ever satisfied? A. No, sir, I do not.

"Q. You, yourself, never have paid the judgment? A. No, sir.

"Q. And because you haven't paid the judgment you were notified by the Department of Public Safety that your license and the registration of all vehicles owned by you were to be suspended. Is that correct? A. Yes."

The Trial Court found as a fact that the Tarrant County judgment was a final and wholly unsatisfied judgment.

Appellant's first point is that the court erred in admitting in evidence the affidavit of Mr. J. B. Alderdice, Manager of Safety Responsibility, Texas Department of Public Safety.

We fail to find this affidavit in the record and, hence, are unable to appraise this point.

Point Two is that there is no evidence that written request was made to appellant by the judgment creditor or his attorney in

the Tarrant County case that appellant satisfy such judgment.

Sec. 12(a) of Art. 6701h, Vernon's Ann. Civ.St., provides:

"Sec. 12. (a) Whenever any person fails within sixty (60) days to satisfy any judgment, upon the written request of the judgment creditor or his attorney it shall be the duty of the clerk of the court, or of the judge of a court which has no clerk, in which any such judgment is rendered within this State, to forward to the Department immediately after the expiration of said sixty (60) days, a certified copy of such judgment."

■ It is our opinion that the written request required by this statute is to be made by the judgment creditor or his attorney and directed to the clerk of the court or the judge, if there is no clerk, requesting him to forward a certified copy of the judgment to the Department of Public Safety. Such written request is not, as appellant contends, to be made to the judgment debtor that he satisfy the judgment.

■ The Third Point is that there is no evidence that the Clerk of the Tarrant County District Court forwarded to the Department a certified copy of the judgment in the Seaborn-Lawson case, and Point Four is that there is no evidence that a certified copy of such judgment "was duly" sent to the Department.

We agree that there is no evidence in the record that a certified copy of the Tarrant County judgment was sent to the Department. A copy of such judgment was introduced in evidence in this case which appellant's counsel, during the trial, referred to as a "certified copy."

Sec. 2 of Art. 6701h, V.A.C.S., provides for an appeal from any order or act of the Department under the Safety Responsibility Law and subsec. (c) of Sec. 2 provides for a de novo trial on appeal and that the cause "shall be tried without regard to any prior holding of fact or law by the Department, and judgment entered only upon the evidence offered at the trial by the court."

Sec. 13(a) of Art. 6701h, V.A.C.S., provides that upon receipt of a certified copy of a judgment the Department shall suspend the license and registration of any person against whom such judgment is rendered except as otherwise in the Act provided.

Appellant's appeal from the order of the Department suspending his licenses and registration was in no way predicated upon the failure of the Department to receive a certified copy of the Tarrant County judgment. That the Department had knowledge of this judgment is expressly alleged by appellant in his application for a stay, and he testified similarly, supra.

It is our opinion that any defect in the proceedings in the Department in this respect is now of no consequence since such omission is fully supplied by the introduction in evidence in this case, without objection, of a copy of the Tarrant County judgment which appellant's counsel called a "certified copy."

Since the evidence, in this respect, justifies the Trial Court's affirmance of the Department's order and since subsec. (c), supra, requires the judgment of the trial de novo to be based only upon the evidence offered at the trial, we conclude that the Tarrant County judgment was sufficiently established for the purpose of invoking the provisions of the Safety Responsibility Act against appellant.

■ Point Five questions the finding of the court that the Tarrant County judgment is final and unsatisfied.

The judgment was rendered April 10, 1959. Appellant's licenses and registration were suspended by the Department on June 22, 1959. On June 26, 1959, appellant filed his application for a stay of the order of suspension in which he alleged that he had been ordered by the Department to satisfy such judgment. He did not allege nor base his appeal upon the lack of finality of the judgment. When questioned about such

judgment on the trial below appellant did not testify that any appeal was taken from the judgment. These circumstances are sufficient to support the finding of the Trial Court that the judgment was final.

Appellant testified that he had never paid the judgment. Since there is no showing that any other person had paid the judgment or was liable for its payment, the court's finding that the judgment was unsatisfied is sustained.

Finding no reversible error, the judgment of the Trial Court is affirmed.

Affirmed.