### TEXAS DEPARTMENT OF PUBLIC SAFETY et al., Appellants,

v.

### BANKS TRANSPORTATION COMPANY, Appellee.

No. 15103.

Court of Civil Appeals of Texas.

Houston.

June 22, 1967.

Rehearing Denied Aug. 24, 1967.

Crawford C. Martin, Atty. Gen., George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Assistant, R. L. (Bob) Lattimore, Monroe Clayton, Assistants, Austin, for appellants.

Spiner, Pritchard & Thompson, Clark G. Thompson, Houston, for appellee.

WERLEIN, Justice.

Appellee, Banks Transportation Company, hereinafter called Banks, appealed to the County Civil Court at Law from an order of appellant, Texas Department of Public Safety, cancelling Banks' Self-Insurance

Certificate No. 70 which had been issued to it under the Texas Motor Vehicle Safety-Responsibility Act on October 15, 1959. The trial court decreed that the orders of the Department to the effect that said certificate expired automatically on October 1, 1965, as well as all orders, notices and other actions of the Department dated September 10, 1965, October 1, 1965, October 19, 1965, and October 28, 1965, whereby such certificate was cancelled or otherwise stated to have expired or to have been cancelled, be set aside and held for nought. The court also decreed that such certificate be held to be in full force and effect in accordance with the terms and provisions thereof.

The case is before us on an agreed statement of facts with the stipulation that copies of instruments attached thereto as exhibits are true and correct. It is also stipulated that the facts set out in the agreement are true and correct if competent and admissible under the rules of evidence, with the right in both parties, however, to urge their objections and exceptions to any ruling by the court with respect to the admissibility thereof.

The parties stipulated that appellee is presently the holder of said Self-Insurance Certificate No. 70; that by letter of September 10, 1965 the Department advised appellee that its present certificate was extended until October 1, 1965 in order to have a hearing on appellee's application for a new self-insurance certificate. On October 1, 1965 appellant advised appellee by letter that its application was not acceptable and that the application was rejected under the provisions of Article 6701h, Sec. 34(b), and that no certificate could be issued at such time. No appeal was taken from the refusal of the Department to grant appellee a new self-insurance certificate.

On October 19, 1965 the Department by letter notified appellee that its old self-insurance certificate expired automatically on October 1, 1965, and that a hearing would be had on October 28, 1965, to cancel any authority whatsoever under which appellee may contend it was operating under the old certificate. The parties stipulated that on October 28, 1965 a hearing was held pursuant to the notice of October 19, at which both parties were present, and on the same day the Department issued notice to appellee that any authority it had to operate under Certificate No. 70 had been cancelled as a result of evidence submitted at such hearing. The notice did not specify any ground upon which the cancellation was based.

The parties further stipulated that on October 29, 1965 the parties hereto informed the court of the hearing which had occurred on October 28, 1965, and it was agreed that appellee might amend its pleading so as to place before the court the action of the Department with respect to both the notice of expiration given on October 1, 1965 and the notice of cancellation given October 28, 1965; and it was further orally agreed that the stay order previously issued on October 11, 1965 would apply also to the notice of cancellation dated October 28, 1965.

Exhibit F is a final judgment against appellee for damages in a suit which was brought against appellee by Julian Guiterrez and Rudy Guiterrez, a minor, and Exhibit G is a final judgment against appellee for damages in a consolidated suit which was brought against appellee by Roma R. Casper and Donna Faye Cannon. Appellee objected to the introduction of the judgment decribed in Exhibit F and also the judgment described in Exhibit G with respect to Roma R. Casper on the ground that they were not introduced at the hearing by the Department on October 28, 1965, and that neither of them was a basis for the cancellation order of October 28, 1965 or for the expiration notice of October 1, 1965. Appellant objected in the trial court to the introduction of appellee's evidence to such effect on the ground of immateriality.

Appellee objected to the introduction of the evidence contained in Paragraph 12 of the stipulation to the effect that Banks did not on March 14, 1965, or any time subsequent thereto, have as many as 25 motor vehicles registered in its name for the reason that such evidence was not introduced at the hearing held by the Department on October 28, 1965, and hence such fact was not the basis for the cancellation order of October 28, 1965 or for the expiration notice of October 1, 1965. Appellant objected to the introduction of such evidence by appellee for the reason that the hearing in court was a trial de novo and the fact that such evidence was not introduced at the hearing held in the office of the Department on October 28 was immaterial and irrelevant.

Article 6701h, Sec. 34(a) and (c), reads as follows:

"(a) Any person in whose name more than 25 motor vehicles are registered may qualify as a self-insurer by obtaining a certificate of self-insurance issued by the Department as provided in Subsection (b) of this Section.

" *  *  *

"(c) Upon not less than five (5) days notice and a hearing pursuant to such notice, the Department may upon reasonable grounds cancel a certificate of self-insurance. Failure to pay any judgment within thirty (30) days after such judgment shall have become final shall constitute a reasonable ground for the cancellation of a certificate of self-insurance."

■ The trial court found that the Department cancelled appellee's certificate on October 1, 1965, and that no hearing was held by the Department to determine whether such certificate should be cancelled as of October 1, 1965. The trial court properly held in effect that the cancellation order of October 1, 1965 was invalid because of lack of the required five days'

notice to appellee and because there was no hearing with respect to cancellation. The court also concluded that there was no legal basis for the position of the Department that such certificate expired automatically on October 1, 1965. We are in accord with such conclusion, since the certificate that was issued to Banks contains no automatic expiration date.

The trial court found that the cancellation of the certificate by the Department was not based upon appellee's failure to pay the Roma R. Casper judgment or the Julian Guiterrez judgment within thirty days after they became final, or failure to have on March 14, 1965 and thereafter as many as 25 motor vehicles in its name, and further that there was no evidence introduced before the Department on March 14, 1965 or subsequent thereto to the effect that appellee did not have as many as 25 motor vehicles registered in its name, and no evidence before the Department that the Guiterrez and Casper judgments had not been paid within thirty days after becoming final. The court concluded that the Department did not comply with Article 6701h, Sec. 34(c) in attempting to cancel appellee's certificate.

■ It will be noted that the findings of fact and conclusions of law of the trial court have to do mainly with what the Department did or did not do, considered or did not consider, at the hearings before it. In our opinion, the facts and evidence before the Department and the basis for its order of October 28, 1965 cancelling appellee's self-insurance certificate are immaterial and irrelevant. The appeal was taken from the order of cancellation by the Department. The trial in court was de novo under the provisions of Article 6701h, Sec. 2(b) and (c). Section 2(c) provides:

"Trial in the court shall be de novo, with the burden of proof upon the Department, and the substantial evidence rule shall not be invoked or apply, but the

same shall be tried without regard to any prior holding of fact or law by the Department, and judgment entered only upon the evidence offered at the trial by the Court. A trial by jury may be had upon proper application."

It has been held that, "Power to try a case de novo vests the court with full power to determine the issues and rights of all parties involved, and to try the case as if the suit had been filed originally in that court." Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681, 692. The appeal wiped out the orders of cancellation and the burden was on the Department in the trial court to establish grounds which would warrant cancellation of appellee's self-insurance certificate. Southern Canal Co. v. State Board of Water Engineers, 1958, 159 Tex. 227, 318 S.W.2d 619; State Board of Medical Examiners v. Mann, Tex.Sup.1967, 413 S.W.2d 382. See also Lawson v. Texas Department of Public Safety, 336 S.W.2d 275, Tex.Civ.App., writ ref., n. r. e. The fact that the aforesaid judgments and evidence with respect to whether appellee had more than 25 motor vehicles registered in its name were not before the Department at the hearing, is of no consequence since such evidence was introduced at the trial of the case and was before the trial court. Lawson v. Texas Department of Public Safety, supra.

Appellant in its first two Points asserts as error the finding and conclusion of the trial court that the failure to pay the judgments within thirty days after they became final did not constitute a reasonable ground for cancellation of appellee's self-insurance certificate since they were paid prior to the action taken by the Department. Appellant also contends that the court erred in finding and concluding that the failure of appellee to have more than 25 motor vehicles registered in its name after March 14, 1965 did not authorize or permit cancellation of appellee's certificate. These points of error are directed to the action of the court itself based upon the evidence be-

fore it. The court had before it the judgments and evidence with respect to appellee not having more than 25 motor vehicles registered in its name. We are concerned here, not with what the trial court found happened before the Department, but only with what the Court found and concluded based upon the evidence before it at the trial of the case.

The question is whether or not appellee's failure either to pay such judgments within thirty days after they became final or to have more than 25 motor vehicles registered in its name, required the court to hold as a matter of law that appellee's self-insurance certificate should be cancelled. The statute provides that, "Failure to pay any judgment within thirty (30) days after such judgment shall have become final shall constitute a reasonable ground for the cancellation of a certificate of self-insurance." The statute does not make cancellation mandatory in the event of failure to pay a final judgment within thirty days. It leaves the determination of the matter to the Department, or, upon appeal, to the court. In the instant case, the trial court found that the failure of appellee to pay the judgments in question within thirty days after they became final did not constitute a reasonable ground for cancellation of appellee's certificate since they were paid by appellee upon being advised thereof and prior to any action being taken thereon by the Department. We cannot say that such finding and conclusion by the trial court was error as a matter of law.

Appellee had to have more that 25 motor vehicles registered in its name in order initially to qualify as a self-insurer. The statute does not provide that if the self-insurer fails to maintain more than 25 motor vehicles registered in its name its self-insurance certificate shall automatically be cancelled; nor does it provide that such failure shall make it mandatory for the Department, or upon appeal the court, to cancel such certificate. Article 6701h, Sec. 34

(c), as hereinabove noted, provides that the Department may upon reasonable grounds cancel a certificate of self-insurance. The burden was on the Department to prove that appellee's failure to have more than 25 motor vehicles registered in its name during the period in question was under the circumstances a reasonable ground for cancellation. The court by refusing to cancel such certificate, in effect found and concluded that it would be unreasonable to cancel appellee's certificate of self-insurance under the existing facts and circumstances. We cannot say that the court's action was error as a matter of law.

Judgment affirmed.