**TEXAS DEPARTMENT OF PUBLIC
SAFETY et al., Petitioners,**

v.

**BANKS TRANSPORTATION CO.,
Respondent.**

No. B–488.

Supreme Court of Texas.

May 1, 1968.

Rehearing Denied May 29, 1968.

Crawford Martin, Atty. Gen., Monroe Clayton, Asst. Atty. Gen., Austin, for petitioners.

Spiner, Pritchard & Thompson, Clark G. Thompson, Houston, for respondent.

GRIFFIN, Justice.

This is a suit brought by respondent in the County Court of Harris County, appealing from an order by the Department of Public Safety canceling respondent's self-insurance certificate issued under § 34 of Article 6701h, Vernon's Ann. Civ.St. on October 15, 1959. This Court has jurisdiction because the construction of Article 6701h, Vernon's Ann.Civ.St. is involved.

The county court upon trial de novo held there were no reasonable grounds for canceling the certificate and set aside the actions, notice and/or orders of the Department purporting to cancel, suspend, terminate or otherwise affect respondent's certificate. The Court of Civil Appeals affirmed. 417 S.W.2d 754. We reverse the judgments of both courts below.

The Department canceled respondent's certificate of self-insurance after a hearing on October 28, 1965, and respondent appealed. Appeal from an order canceling a certificate of self-insurance by the Department of Public Safety is by trial de novo in the county court pursuant to Article 6701h, § 2. In Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619 (1958), this Court said:

"The sine qua non of a de novo trial as that term is used to describe a retrial of a matter or controversy theretofore tried by another tribunal is the nullification of the judgment or order of the first tribunal and a retrial of the issues

on which the judgment or order was founded. When jurisdiction of the second tribunal attaches, the judgment or order of the first tribunal is not merely suspended, but is nullified."

The parties have prosecuted this case on the assumption that the review provided by Article 6701h, § 2 is constitutional and we assume the same without deciding that question. The only question before this Court is whether the certificate should be canceled as a matter of law.

Article 6701h, § 34 provides that:

"(a) Any person in whose name more than 25 motor vehicles are registered may qualify as a self-insurer by obtaining a certificate of self-insurance issued by the Department as provided in Subsection (b) of this Section.

"(b) The Department may, in its discretion, upon application of a person, issue a certificate of self-insurance when it is satisfied with (sic) such person is possessed and will continue to be possessed of ability to pay judgments obtained against such person.

"(c) Upon not less than five (5) days notice and a hearing pursuant to such notice, the Department may upon reasonable grounds cancel a certificate of self-insurance. Failure to pay any judgment within thirty (30) days after such judgment shall have become final shall constitute a reasonable ground for the cancellation of a certificate of self-insurance."

It was stipulated by the parties that on October 15, 1959, the date of the issuance of the self-insurance certificate, respondent both owned and had registered in its name more than twenty-five motor vehicles, and that respondent did not, on March 14, 1965, or at any time subsequent thereto have certificates of title in its name for as many as twenty-five motor vehicles nor did it own as many as twenty-five motor vehicles. The Department contends that this is a ground for cancellation of respondent's self-insurance certificate as a matter of law. We sustain this contention.

 Respondent contends that the purpose of the Texas Motor Vehicle Safety-Responsibility Act, Article 6701h, Vernon's Ann.Civ.St. was to deny the privilege of driving to financially irresponsible persons, and the failure to maintain at least twenty-five motor vehicles registered in its name cannot be a ground for canceling the certificate as long as the self-insurer is financially responsible. However, it is clear that the legislature intended that persons who could qualify as self-insurers and thus be exempt from the security requirements of Article 6701h, § 6 should be limited to persons who have twenty-five motor vehicles registered in their name. The language of Article 6701h, § 34(a) and (b) makes it clear that to qualify as a self-insurer a person must meet two requirements: (1) have more than twenty-five motor vehicles registered in his name, and (2) be financially responsible. Respondent argues that only a failure of the requirement of financial responsibility after the certificate is issued can be a ground for cancellation of the certificate and that the first requirement applies only at the time application is made for the certificate. This is neither logical nor consistent with the other provisions of Article 6701h. Self-insurers are made a class separate from the usual owner or operator of a motor vehicle and the Legislature intended the two requirements to limit that class. We hold that a showing of a failure to maintain either of these two requirements is grounds for removing a person from the class of self-insurer. In the present case it was admitted that at the time of the hearing respondent did not have as many as twenty-five motor vehicles registered in its name. Thus, it was shown that respondent had failed to maintain its status as a self-insurer within the statute, and the certificate should be canceled as a matter of law.

Since the above holding requires us to reverse and render this case, we do not pass on any other questions that may have been presented. The judgments of both the lower courts are reversed and judgment is rendered canceling respondent's certificate to operate as a self-insurer.