**Vergil Ray RUTLEDGE, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 7352.

Court of Civil Appeals of Texas, Beaumont.

June 15, 1972.

Rehearing Denied Aug. 31, 1972.

R. E. McDaniel, Winnie, for appellant.

Tom Hanna, Dist. Atty., Dexter Patterson, Asst. Dist. Atty., Beaumont, for appellee.

KEITH, Justice.

Our prior opinion is withdrawn and this substituted in lieu thereof.

The principal question presented in this appeal may be stated in this manner: Since the Texas Motor Vehicle Safety-Responsibility Law, Art. 6701h, Vernon's Ann.Civ. St., has been declared unconstitutional in part, may a license suspension under the unconstitutional provision be upheld when such suspension antedated the effective date of the decision but the trial was conducted thereafter? Being of the opinion, as applied to the posture of this case, that our question so posed must be answered in the negative, we now state our reasons therefor.

On March 10, 1971, the Texas Department of Public Safety issued an order which suspended the operator's license and all vehicle registration receipts and license plates upon vehicles owned by the appel-

lant effective March 31, 1971. On August 3, 1971, appellant brought suit to set aside such order upon the ground that he had been denied procedural due process by the Department and that the order of suspension was void. Not having filed his appeal from the order of suspension within thirty days after its issuance as required by § 2 (b), Art. 6701h, V.A.C.S., appellant pleaded good cause for failure to appeal in this manner:

"The order [of suspension effective March 31, 1971] is void because said statute is void and same has now been held to be void by the United States Supreme Court, since said order was issued. Appellant therefore has good cause to file this appeal at this time since said statute has only recently been held to be void and since he has now been able to employ counsel to file this appeal for him."

Appellee did not challenge either the form or content of this jurisdictional allegation of good cause in any manner whatsoever, but appeared and answered generally joining issue with appellant. At the trial on January 17, 1972, appellant did not appear nor was any testimony in his behalf introduced. Appellee introduced the documentary proof forming the basis of the suspension and the trial court denied any relief to appellant. We note that the trial court specifically overruled appellant's challenge to the constitutionality of the statute.* Appellant contends that the statute having been declared unconstitutional because it denied procedural due process, cannot be used to suspend his license in the de novo proceeding upon appeal. It becomes necessary that we review the authorities giving rise to the problem.

In Gillaspie v. Department of Public Safety, 152 Tex. 459, 259 S.W.2d 177

---

* The court found that the prior departmental order of suspension was valid and had not been complied with by appellant and continued: "The Court finds and holds that the 'Safety Responsibility Law' of the State of Texas, Art. 6701h of the Revised Civil Statutes of Texas, is valid and constitutional in every respect and does not violate procedural due process of law required by the 14th amendment to the constitution of the United States, and is in no way repugnant to said constitutional provisions. The constitutional contentions of Vergil Ray Rutledge are therefore all overruled and denied."

(1953), our Supreme Court upheld the Safety Responsibility Law (Art. 6701h, V.A.C.S.) even though it does not require a hearing before suspension, rejecting the contention that such was a denial of due process of law. (259 S.W.2d at p. 183) In 1970, a class suit was instituted in the United States District Court, Western District of Texas, entitled Gaytan v. Cassidy, wherein plaintiffs challenged the Act as construed in *Gillaspie*, supra. The three-judge court having been convened, plaintiffs were denied relief. [317 F.Supp. 46 (W.D.Tex.1970)]

A direct appeal having been taken to the United States Supreme Court, the judgment in *Gaytan* was vacated and the cause remanded, the court saying, insofar as material here:

"June 7, 1971. * * * Judgment vacated and case remanded to the United States District Court for the Western District of Texas for reconsideration in light of Bell v. Burson, Director, Georgia Department of Public Safety, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90." Gaytan v. Cassidy, 403 U.S. 902, 91 S.Ct. 2202, 29 L.Ed.2d 677.

Upon remand by an order entered of record on August 19, 1971, the special three-judge federal court set aside its prior order and held the challenged statute unconstitutional. This latter order was not in the form of published opinion.

We do not find it necessary to discuss the basic case of Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90, except to note that it holds that before the state could suspend the licenses, procedural due process required a determination that there was a reasonable possibility of a judgment being taken against the licensee as a result of the accident. We accept the controlling effect of *Bell* as applied to the Texas statute. We are bound to follow *Gaytan* and disregard *Gillaspie* insofar as it is in conflict with it. Thus, we accept appellant's major contention as a matter of law—that is, that he was denied procedural due process when his license was suspended by the Department of Public Safety. However, this does not dispose of the litigation and we now turn to the effect to be given to the decision in *Gaytan* which held:

"This order shall apply retroactively to the plaintiff ANTONIO R. GAYTAN, and prospectively from June 30, 1971, to all members of the class represented by said Plaintiff.

"The effective date of suspension of the above mentioned items and not the date of any notice of suspension or other preliminary actions shall determine the retroactive or prospective application of this judgment."

*Gaytan* was brought under Rule 23, Federal Rules of Civil Procedure, and it was a true class suit with appellant being a member of the class. The departmental order of suspension was final as to appellant upon June 30, 1971, the date the judgment in *Gaytan* began to operate prospectively as to the class members such as appellant. Nevertheless, under the provisions of § 2(b), Art. 6701h, supra, having alleged good cause for failure to timely file his appeal, appellant properly invoked the jurisdiction of the trial court to set aside such order of suspension.

■ The trial below was a de novo trial and we recognize the rule that "[w]hen jurisdiction of the second tribunal [the county court at law in this instance] attaches, the judgment or order of the first tribunal is not merely suspended, but is nullified." Southern Canal Co. v. State Board of Water Eng., 159 Tex. 227, 318 S.W.2d 619, 622 (1958), quoted in Texas Dept. of Public Safety v. Banks Transp. Co., 427 S.W.2d 593 (Tex.Sup.1968), a case arising under Art. 6701h, supra.

Appellant, alleging that he was a resident of Jefferson County, appealed to a court having jurisdiction of his suit. Cf. Texas Department of Public Safety v. Morris, 436 S.W.2d 124 (Tex.Sup.1968). The good

cause provision of § 2(b), Art. 6701h, supra, is analogous to the good cause provision in the Workmen's Compensation Act, § 4a, Art. 8307, V.A.C.S., with reference to the filing of a claim for compensation. It is clear that it is indispensably necessary to allege and prove that good cause existed, as a jurisdictional fact, in an appeal from the award of the Industrial Accident Board. Johnson v. Employers Liability Assur. Corporation, 131 Tex. 357, 112 S.W.2d 449, 450 (1938); Solomon v. Massachusetts Bonding and Insurance Co., 347 S.W.2d 17, 19 (Tex.Civ.App., San Antonio, 1961, error ref.).

We have heretofore noted that the appellee answered generally and did not level any exceptions to the pleading of good cause. Although verified denials are not required by the Act under consideration, as is the case under the Workmen's Compensation Act, the appellee took no action to challenge appellant's right to a review. Under these circumstances, we are of the opinion that the jurisdiction of the trial court was properly invoked. Cf. Southern Underwriters v. Tullos, 136 Tex. 408, 151 S.W.2d 789 (1941).

It follows, therefore, that the action of the trial court in sustaining the order of suspension under the invalid statute was error and that the judgment must be reversed and here rendered for appellant. However, we add that in a proper case wherein the pleading of good cause is challenged by exceptions or pleas in bar, the result reached here might very well be different.

So holding, the remaining points assigned by appellant become immaterial and are not reached.

Reversed and rendered.