**Robert Lee HAYES, II, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 16133.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 26, 1973.

Rehearing Denied Aug. 16, 1973.

Dougal C. Pope, Houston, for appellant.

Joe Resweber, County Atty., Richard I. Colton, Asst. County Atty., Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from a judgment suspending the appellant's driver's license for a period of three months. The case was tried to a jury.

For clarity the appellant will be referred to as Hayes, and the appellee as the De-partment. Hayes' brief presents two principal points of error. First he contends that the two convictions for moving traffic violations relied on ·to support the judgment suspending Hayes' provisional driver's license are void because the convictions were obtained at a trial at which Hayes was not afforded the due process of law required by the Constitution of the United States in that he was not represented by a lawyer.

A few months after Hayes received his provisional driver's license he was charged in the Corporation Court of Pasadena, Texas, with speeding. About a week later a charge of running a red light was filed against him in that court. Hayes then, without informing his parents or securing the services of a lawyer, voluntarily paid fines of $15.00 for each of the two offenses. At the time the fines were paid and the judgments entered in the records of the Municipal Court Hayes was sixteen years of age.

In support of his position that the judgments of the Municipal Court are void, Hayes cites Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); and Rutledge v. Texas Department of Public Safety, 483 S.W.2d 956 (Tex.Civ.App.—Beaumont 1972). Bell v. Burson held that before a person's driver's license could be suspended for failure to comply with the Texas Financial Responsibility Act, due process required a preliminary hearing on the question of the probability of his being found at fault in the accident resulting in the suspension. *Rutledge* applied the law as established in *Burson*. Argersinger v. Hamlin decided that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."

It is recognized in these cases that a driver's license is something more than a mere privilege. Justice Powell stated in

Argersinger v. Hamlin, supra:[1] "Serious consequences also may result from convictions not punishable by imprisonment . . . Losing one's driver's license is more serious for some individuals than a brief stay in jail. . . . When the deprivation of property rights and interest is of sufficient consequence, denying the assistance of counsel to indigents who are incapable of defending themselves is a denial of due process."

In Bell v. Burson, supra, the court said: ". . . Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment."

■ The Supreme Court of the United States has not yet required a "knowing and intelligent waiver" of the right to be represented by counsel at a trial of an offense punishable by fine only. The Supreme Court of Texas has held that a judgment convicting one of a violation of a penal law regulating traffic cannot be collaterally attacked in a proceeding seeking to set aside an order of the Texas Department of Public Safety suspending his driver's license. Texas Department of Public Safety v. Casselman, 417 S.W.2d 146 (Tex.1967). Bell v. Burson, supra, was a direct attack on the constitutionality of a state law. Argersinger v. Hamlin, supra, grew out of an application for a writ of habeas corpus. In neither case was the attack strictly collateral as in this case.

By his second point of error Hayes contends that Section 22(b)10 of Article 6687b, Vernon's Ann.Tex.St., is unconstitutional since it denies to minors equal protection of the law. This section provides that a provisional driver's license can be suspended if the holder has been convicted of two or more moving violations of the traffic laws committed in a twelve month period. Section 22(b)4, Article 6687b, pro-vides that the license of an operator, commercial operator or chauffeur can be suspended on a finding that the licensee is an habitual violator of the traffic law, defined as a person with four or more convictions arising out of different transactions in a consecutive period of twelve months, or seven or more such convictions within a period of twenty-four months, such convictions being for "moving violations". Section 11A, Article 6687b, provides that the original driver's licenses issued to persons under twenty-one years of age shall be designated and clearly marked as provisional licenses.

■ There is a presumption that a statute enacted by the legislature is constitutional. Smith v. Davis, 426 S.W.2d 827 (Tex.1968). The burden is on the one attacking the validity of legislation to establish its invalidity. Smith v. Craddick, 471 S.W.2d 375 (Tex.1971). In Bjorgo v. Bjorgo, 402 S.W.2d 143 (Tex.1966), the court stated: "A state may classify its citizens into reasonable classes and apply different laws, or its laws differently, to the classes without violating the Equal Protection Clause of the Fourteenth Amendment."

■ The burden rests on Hayes to show that the classification adopted in the Act does not rest upon any reasonable basis but is essentially arbitrary. The Act cannot be deemed unreasonable or arbitrary in that respect so long as there is some basis for differentiation between the classes bearing a reasonable relationship to the purposes to be accomplished by the Act. Dodgen v. Depuglio, 146 Tex. 538, 209 S.W.2d 588 (Tex.1948). Appellant has failed to show that the presumed inexperience and immaturity of persons under the age of twenty-one years, licensed to drive for the first time, is not a sufficient basis for differentiation as between such persons and those over the age of twenty-one, who have more driving experience. There is no

---

1. Concurring opinion 407 U.S. at 48, 92 S.Ct. at 2018.

showing that such a classification has no reasonable relationship to the subject of safety on the highways of this state. The statute is not subject to the attack made by appellant.

By the other points complaint is made of the action of the trial court in refusing certain requested instructions. The instructions requested were not calculated to assist the jury in answering the special issues submitted. They concerned issues previously determined by an interlocutory summary judgment, and were, therefore, immaterial. The court did not err in refusing to give the requested instructions.

Affirmed.