**NORTHEAST HOUSTON INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**W. P. MAUK, Appellee.**

No. 3733.

Court of Civil Appeals of Texas.

Waco.

April 14, 1960.

Bracewell, Reynolds & Patterson, Houston, for appellant.

J. Charles Whitfield, Jr., Houston, for appellee.

WILSON, Justice.

This is an appeal from an order sustaining appellee's plea of privilege, involving construction of Art. 2922–19, Vernon's Ann.Civ.Tex.Stats.

Appellant alleged it had cancelled appellee's unexpired contract as school principal after a hearing; that he had appealed to the State Commissioner of Edu-

cation, who conducted a hearing and rendered a decision holding that the charges against appellee did not justify cancellation of his contract and that it was "a just and valid obligation of the district"; that thereafter the State Board of Education affirmed the decision. The petition alleged appellant had just cause for cancelling the contract; that the orders of the State Commissioner and the State Board were arbitrary, unreasonable and not supported by substantial evidence; that its own action was so supported; that appellee had failed to mitigate his damages by accepting other available employment. It asked a declaration that just cause existed for cancellation of the contract; that the previous determination of the State Commissioner and Board be reversed and, alternatively, that appellee "be awarded no damages."

Appellee's plea of privilege set up the provisions of Art. 2922–19:

"Any person, county or school district aggrieved by any action of the Central Education Agency may appeal to a court of competent jurisdiction in Travis County, Texas."

He asserted that although he was a resident of Harris County where the suit was pending, the quoted language was mandatory and entitled him to have the suit transferred to Travis County, where he contends exclusive venue lay. The trial court sustained his plea.

This suit is not an appeal from an "action of the Central Education Agency." That agency was created by (Acts 1949, 51st Leg., p. 537, ch. 299) Art. 2654–1, Sec. 1, Vernon's Ann.Civ.Tex.Stats. It is a composite of the State Board of Education, the State Board for Vocational Education, the State Commissioner of Education and the State Department of Education, which are created by the same Act. The State Board of Education is only "one part of the Central Education Agency" (Art. 2654–3, Sec. 2), with special duties and powers. One of these duties and powers is prescribed by Art. 2654–5, Sec. 4 which provides that decisions of the State Commissioner shall be subject to review by the State Board of Education; and by Art. 2656 which provides that appeals shall always be to it from the rulings of the State Superintendent (whose duties were transferred to the State Commissioner by Art. 2654–3, Sec. 2). The decision appealed from is that of the State Board of Education. Art. 2922–19 relating to appeals from an action of the Central Education Agency is not applicable.

Since the sole basis for sustaining the plea was the quoted statute, the judgment is reversed and here rendered that the plea of privilege be overruled.