No. 22537.

SAMUEL NEMIROW, TED JACKSON AND B. KAHL, AS INCOR-
PORATORS OF THE PROPOSED COLORADO INDUSTRIAL BANK
OF COLORADO SPRINGS *v.* HARRY BLOOM, AS STATE BANK
COMMISSIONER OF THE STATE OF COLORADO AND SUCCESSOR
IN SUCH OFFICE TO FRANK E. GOLDY.

(445 P.2d 214)

Decided September 23, 1968.

HELLERSTEIN AND HELLERSTEIN, L. A. HELLERSTEIN,
K. L. KLEINSMITH, for plaintiffs in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY,
Deputy, A. FRANK VICK, JR., Assistant, for defendant in
error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

THE State Bank Commissioner denied the application,

filed by plaintiffs in error, for a charter to the proposed Colorado Industrial Bank of Colorado Springs. Plaintiffs in error brought an action in the trial court to review the Bank Commissioner's order of denial. The trial court affirmed the Bank Commissioner's order.

By stipulation of the parties, the sole issue presented here for review is whether granting the requested industrial bank charter would violate the statute [C.R.S. 1963, 14-17-5(2)] which prohibits industrial branch banks.

The pertinent facts are as follows: Delta Acceptance Corporation, Ltd., a Canadian holding company, owns all the voting stock in five industrial banks in Denver and would own all the voting stock of the proposed industrial bank in Colorado Springs. There would be common officers and directors for the proposed bank, Delta Acceptance Corporation, and the five industrial banks in Denver except for a resident office manager with limited loan authority. The proposed bank is a separate corporation, organized under the laws of the State of Colorado. It would have a separate capital structure, its own credit facilities, sole liability for its own deposits; and also, its own bookkeeping and posting equipment. The interlocking officer-director relation and stock ownership will entail participation in the management of the Colorado Springs bank.

The issue presented is substantially the same as the one that was raised in consolidated cases entitled *Goldy v. Crane,* Nos. 22132, 22133 and 22134, in which this court has this day announced its opinion. Since the same matters are dealt with fully therein, we do not deem it necessary to again fully comment in this opinion. We hereby adopt and apply the rationale of that opinion to the instant case.

■ We hold that the proposed industrial bank would not be a branch bank, because the record shows as a matter of law that it has or will have all the attributes of a separate operational entity, both legally and financially.

44

The judgment is reversed and this cause is remanded for entry of a judgment ordering the Bank Commissioner to grant the industrial bank charter.

MR. JUSTICE DAY and MR. JUSTICE PRINGLE not participating.