Dudley B. LONGACRE et al., Appellants,

v.

WYLIE INDEPENDENT SCHOOL
DISTRICT, Appellee.

No. 11833.

Court of Civil Appeals of Texas,
Austin.

May 5, 1971.

Rehearing Denied May 26, 1971.

McMahon, Smart, Sprain, Wilson & Camp, Stanley P. Wilson, Abilene, for appellants.

Gaston Swofford, Clyde, J. C. Hinsley, Austin, for appellee.

O'QUINN, Justice.

The issues to be decided in this case are whether the trial court properly overruled pleas of privilege filed by appellants, who were defendants below, and correctly enjoined appellants from prosecuting a suit, involving the same subject matter, which they had filed in Taylor County subsequent to the filing of this suit in Travis County.

Appellants bring five points of error. Under their first four points appellants maintain that the trial court erred in overruling their pleas of privilege to be sued in Taylor County, the county of their residence. Under their fifth and last point appellants urge error in the granting of a temporary injunction restraining them from further prosecution of their suit in Taylor County. Appellee Wylie Independent School District replies to appellants' five points of error under two counter points. The Attorney General, in behalf of the Central Education Agency, a defendant below, has tendered an *amicus curiae* brief with two points, numbered "First" and "Third", both levelled at the trial court's overruling of appellants' pleas of privilege.

Although appellants pitch their appeal on errors which they contend affect their rights as individuals to be sued in Taylor County, we believe the basic question for our determination is whether the Texas Education Code provides for an appeal

from the decision of the State Board of Education to a district court in Travis County. We have concluded that the Code does so provide and that the district court of Travis County, having acquired jurisdiction of the controversy under a prior filing, correctly enjoined appellants from prosecuting the suit they subsequently filed in Taylor County involving the identical subject matter.

Appellants, as owners of property within the Wylie School District, petitioned the County School Trustees of Taylor County in July, 1969, requesting that certain territory be detached from that district and annexed to Abilene Independent School District. The trustees denied the petition on August 18, 1969. Appellants elected, under provisions of Section 17.63, Texas Education Code, V.T.C.A. (effective September 1, 1969, formerly Art. 2686, Vernon's Anno. Civ.Stat.), to appeal to the State Commissioner of Education, rather than to "any court of competent jurisdiction," pursuant to Section 11.13(a) (formerly Art. 2654-7, sec. 1).

The Commissioner of Education held a hearing on October 8, 1969, and affirmed the Taylor County trustees in their denial of appellants' petition for transfer of the territory. Appellants then appealed to the State Board of Education which heard the matter on March 2, 1970. The State Board reversed the decision of the Commissioner and directed the Taylor County trustees to grant the petition to detach the territory from Wylie district and annex it to the Abilene district.

Aggrieved by this order of the State Board of Education, the Wylie School District appealed from the decision by filing its petition on March 20, 1970, in "a district court in Travis County." (Sec. 11.-13(c), formerly Art. 2922–19). Wylie district pleaded its right so to appeal under Section 11.13(c) and named as defendant the Central Education Agency. The Central Education Agency filed a plea in abatement alleging lack of necessary par-

ties which was overruled by the court on June 11, 1970.

About three months after this suit was filed in Travis County appellants filed a suit in district court of Taylor County seeking mandamus to require the County School Trustees to grant their original petition to detach territory from Wylie School District and annex it to Abilene district. Appellants named as defendants in that suit individuals alleged to be members of the board of trustees, but did not make the County Board of School Trustees or the Wylie School District parties to the suit. Appellants filed an amended petition on August 28, 1970, by which both the county board and the Wylie district were named parties. The county board filed a plea in abatement setting up the fact that a lawsuit involving the same subject matter had been filed in Travis County prior to institution of the suit in Taylor County. The plea in abatement was overruled October 28, 1970.

Wylie School District in October, 1970, amended and made appellants parties to the suit in Travis County and sought to enjoin appellants from prosecuting their suit in Taylor County. Appellants filed pleas of privilege to be sued in Taylor County.

The trial court in Travis County heard evidence on the pleas of privilege and on Wylie School District's application for temporary injunction. Subsequently, by separate orders, the court overruled the pleas of privilege and enjoined appellants "from further prosecution" of their suit in Taylor County "pending final hearing and determination of this cause" in Travis County.

As noted, Wylie School District filed its suit in Travis County as an appeal from the decision of the State Board of Education, naming the Central Education Agency as defendant, and in its petition specifically pleaded the statute which reads:

"Any person, county, or *school district* aggrieved by any action of the *Central Education Agency* may appeal to a district

court in Travis County, Texas. Appeals shall be made by serving the *commissioner of education* with citation issued and served in the manner provided by law for civil suits. The petition shall state the action from which the appeal is taken, and *if the appeal is from an order of the State Board of Education,* shall also *set out the order,* or relevant portion thereof. Upon trial the court shall determine all issues of law and fact." (Emphasis added) Section 11.13(c), Texas Education Code, Title 2, ch. 11.

The Central Education Agency comprises the "State Board of Education, the State Board for Vocational Education, the state commissioner of education, and the State Department of Education," and "all educational functions not specifically delegated to the Central Education Agency [by the legislature] shall be performed by county boards of education or district boards of trustees." Section 11.01, Education Code.

The Commissioner of Education, upon whom citation may be served under Section 11.13(c), is by statute designated "executive officer of the Central Education Agency" and "executive secretary" of both the State Board of Education and the State Board of Vocational Education. (Section 11.52, Education Code) The State Board of Vocational Education is composed of the same persons who constitute the State Board of Education, and in enforcing its rules and regulations the vocational board has as its "executive officer" the Commissioner of Education. (Sections 11.41 and 11.21, Education Code)

The Central Education Agency "shall exercise general control of the system of public education at the state level in accordance with the provisions" of the Code. (Section 11.02(a), Education Code) The duties and functions assigned by the legislature to the component parts of the Central Education Agency are set out in Sections 11.21 (Board of Education), 11.41 (vocational), 11.51 (commissioner of education),

and 11.61 (Department of Education); but the "general powers and duties" of the Central Education Agency by which control of the state education system is made to rest in the Agency are paramount to the various functions to be performed by its component boards, departments, and officers. Section 11.24 provides that the State Board of Education "is the policy-forming and planning body for the public school system of the state," and *"As one part of the Central Education Agency, the * * * Board * * * shall have specific responsibility for adopting policies enacting regulations, and establishing general rules for carrying out the duties placed on it or the Central Education Agency by the legislature."* (Emphasis added)

In the same chapter pertaining to the Central Education Agency, in which the composition, purpose, powers, and duties of the Central Education Agency are set out and its component parts are defined and their respective duties are enumerated, the legislature prescribed the manner of appeals. (Section 11.13) The appeals there authorized begin with disputes taken from the local level, first to the Commissioner of Education, thence by review to the State Board of Education, and include finally appeals "to a district court in Travis County" by any individual, county, or "school district aggrieved by any action of the Central Education Agency." Thus the legislature consolidated in slightly altered language, in Section 11.13 of the Code, all statutory provisions for such appeals, drawn from prior authority found in Articles 2654–7, sec. 1, 2654–3, sec. 2, and 2922–19, which were expressly repealed with passage of the Code.

█ In bringing the several appeals provisions into the Code under one section, and into a chapter dealing exclusively with the Central Education Agency and its component boards and officers, the legislature made clear its intent to treat the subject of appeals in a definitive manner and to prescribe guides for persons, counties, and

school districts seeking judicial review of administrative action taken by the Central Education Agency, and specifically from an order of the State Board of Education, one of the agency's components. Although in so doing, subsection (c) could have been more artfully phrased, it seems reasonably clear, when the subsection is considered in its entirety and in its relation to the whole of Section 11.13, that the legislature intended that the Central Education Agency would be not only a proper party but a necessary party defendant in any such suit, and that venue properly lies in Travis County. The antecedent statute of Section 11.13(c) (Art. 2922–19) was followed in a similar appeal decided by this Court in 1953, District Trustees of Tennessee Colony Common School District No. 21 v. Central Education Agency, 256 S.W.2d 151, Tex.Civ.App., Austin, 1953, writ ref. n. r. e. Appeal from an order of the State Board of Education was brought in a district court of Travis County in 1968, prior to effective date of the Education Code, and was decided by this Court in Garner v. Lumberton Independent School District, 430 S.W.2d 418, Tex.Civ.App., Austin, 1968, no writ.

The Supreme Court, in Board of Insurance Commissioners v. Title Insurance Association, 153 Tex. 574, 272 S.W.2d 95 (1954), held that even in the absence of a statutory provision for appeal from an order of the administrative agency, the right of judicial review existed, and the agency was a proper and necessary party, its decision to be reviewed by the court based on the substantial evidence rule.

Appellants rely upon the decision in Northeast Houston Independent School District v. Mauk, 334 S.W.2d 863, Tex. Civ.App., Waco, 1960, no writ, and argue that, "If, as the Waco Court held * * * the provisions of Article 2922–19 (now Subdivision c of Art. 11.13 of the Education Code) are not applicable to a proceeding in Court testing the validity of an order of the State Board of Education in controversies of this type, then the Central

Education Agency is neither a necessary nor a proper party * * *" The Attorney General, as *amicus curiae*, "* * * submits that the reasoning of the Waco Court * * * is sound and applicable to the instant case which involves an administrative appeal from a local school matter and does not involve action taken by the Central Education Agency pursuant to authority as specifically set forth in Subchapter A of Chapter 11 of the Texas Education Code."

We agree with neither the appellants nor the Attorney General, nor do we concur in the decision reached in the Mauk case.

In that case the school district cancelled a school principal's unexpired contract, and the principal appealed to the State Commissioner of Education, who held that charges against the principal did not justify cancellation of the employment contract. On further appeal, the State Board of Education affirmed the Commissioner's decision. The school district filed suit in Harris County alleging that the orders of the Commissioner and of the State Board were arbitrary and unreasonable and not supported by substantial evidence. The principal filed a plea of privilege asserting that although he was a resident of Harris County, he was entitled to have the suit moved to Travis County under authority of Article 2922–19 (now Section 11.13(c) of the Code). The trial court sustained the plea.

The Court of Civil Appeals held that the suit filed in Harris County was not an appeal from an action of the State Education Agency, that the decison appealed from was that of the State Board of Education, and that Article 2922–19 "relating to appeals from an action of the Central Education Agency is not applicable."

■ Although Section 11.13(c), as already noted, perhaps is not without fault in craftsmanship, nevertheless we do not find it ambiguous or misleading. We consider this provision of the Code a clear direction

by the legislature that appeals from any action of the Central Education Agency, including specifically orders of the State Board of Education, are to be brought in a district court of Travis County. We cannot accept as valid, against this view, the argument of appellants that "the controversy in * * * this * * * Court is exclusively between the Appellants * * * and the Wylie District, all of whom are residents of Taylor County * * *" Nor do we agree with the Attorney General that additional specific statutory provision is necessary to require that the Central Education Agency "be made a party in a lawsuit when one adversary is appealing an administrative ruling concerning a local controversy between a group of citizens and a school district * * *"

Detachment and annexation of territory contiguous to common boundary lines of two school districts are authorized under general law procedures prescribed by the legislature in chapter 19 of the Texas Education Code. (Sections 19.261, 19.262, and 19.263). There the rules are fixed by which county school trustees or a county board of education, on proper petition, "may pass an order transferring the territory and redefining the boundaries of the district affected by the transfer." Outstanding indebtedness affected by a change in boundaries must be adjusted according to legislative provisions found in Sections 19.431 through 19.437 of the Code.

Appeal from "actions or decisions of any board of trustees or board of education" are authorized by Section 11.13(a) to "the commissioner of education, who, after due notice to the parties interested, shall hold a hearing and render a decision * * *" Appeal thereafter may be pursued further under Section 11.13(b) which provides that "* * * decisions of the commissioner of education shall be subject to review by the State Board of Education."

■ After a petition for detachment and annexation of territory has been acted on by the county school trustees and the action of the trustees has been questioned by appeal to the State Commissioner and then to the State Board, the controversy ceases to be, if it ever was, exclusively between the property owners and the school district. Nor is the matter, as argued by the Attorney General, merely, "a local controversy between a group of citizens and a school district."

The controversy at this stage becomes a matter of concern to the state, involving uniform enforcement of the general school laws of Texas, an end the legislature has prescribed may be reached through judicial review of a decision by the state administrative agency to which has been delegated general control of public education at the state level. The Central Education Agency, comprised of administrative boards and officials, is a state administrative agency, and the legislature purposely provided that judicial review of its orders and actions would be initiated in Travis County, as in the case of numerous other state administrative agencies. Article 1995, par. 30, provides that "Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

■ We hold that the appeal being from an order of the State Board of Education, the Central Education Agency was a proper and necessary party and that venue for such actions has been placed by the legislature in a district court of Travis County.

We turn now to the contention of appellants that the trial court erred in granting an injunction restraining appellants from prosecuting their suit in Taylor County which involves the identical subject matter with which this lawsuit is concerned.

About three months after Wylie School District filed this lawsuit in Travis County, appealing from decision of the State

Board of Education, appellants, who initially were not made parties to the suit, brought suit in Taylor County seeking a mandamus to require the county trustees to transfer territory from Wylie school district to the Abilene school district, which the trustees had refused to do, and from which refusal appeals to the State Commissioner and the State Board had been taken, resulting in an order directing that the transfer be made. Both lawsuits involved the same controversy, the same subject matter, the only difference being that Wylie district sought in Travis County to prevent transfer of the territory and appellants, as interested property owners, sought in Taylor County to enforce transfer of the territory. Both suits were brought, of course, after the controversy had been appealed to an officer and a board of the Central Education Agency and after a final administrative decision, which was subject then to judicial review as authorized by Section 11.13(c).

After appellants amended their suit in Taylor County naming additional parties, the trial court in Taylor County overruled pleas in abatement presented on the ground of the prior action pending in Travis County. After hearing on the pleas in abatement in Taylor County, Wylie School District amended its suit in Travis County and named appellants as additional defendants and sought injunctive relief against them to prevent interference with jurisdiction of the court in Travis County by further prosecution of the cause of Taylor County.

The record shows that the plaintiffs in the Taylor County case are identical with the appellants in this case and constitute all the defendants in the Travis County suit except the Central Education Agency.

It is undisputed that appellants are the parties who filed the original application for transfer of the territory from Wylie district, and it was admitted on their part at the hearing on the pleas of privilege that unless restrained by the Travis County court, they intended to pursue their cause in Taylor County to require transfer of the disputed territory.

Since the decision of the Supreme Court in Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063 (1926), it has been settled law that jurisdiction attaches upon the filing of a suit, and that jurisdiction of the court in which suit is first filed may not be taken away or arrested by subsequent proceedings in another court. The first court having acquired jurisdiction may retain jurisdiction to dispose of the whole subject matter of the controversy. (285 S.W. 1070, col. 1) The proper remedy by which the court first acquiring jurisdiction may protect its jurisdiction and prevent interference by another court is to restrain the parties from proceeding in the second case. See 15 Tex.Jur.2d Courts, sec. 96, and cases cited. In this case pleas in abatement were properly filed and presented in the court in Taylor County prerequisite to granting of injunctive relief by the trial court in Travis County. Gratehouse v. Gratehouse, 417 S.W.2d 592, Tex.Civ. App., Waco, 1967, no writ.

The trial court properly enjoined appellants in this cause to protect its jurisdiction by enjoining them from prosecution of their suit in Taylor County involving the same subject matter.

The judgment of the trial court is in all things affirmed.

Affirmed.