**BANK OF NORTH AMERICA, Appellant,**

v.

**STATE BANKING BOARD of the State of Texas et al., Appellees.**

No. 11959.

Court of Civil Appeals of Texas, Austin.

July 12, 1972.

Rehearing Denied Aug. 2, 1972.

Byron Lockhart, Austin, for appellant.

Crawford C. Martin, Atty. Gen., John H. Banks, Asst. Atty. Gen., Jacobsen & Long, Joe R. Long, Austin, Liddell, Sapp, Zivley & Brown, W. Robert Brown, Houston, for appellees.

SHANNON, Justice.

Appellant, Bank of North America, appeals from the judgment of the district court of Travis County sustaining the order of the State Banking Board[1] approving a charter for Southeast Bank. We will affirm that judgment.

In a prior opinion this Court affirmed the judgment of the district court in refusing appellant's application for a temporary injunction to enjoin the Board from making effective its approval of the charter for Southeast Bank. *Bank of North America v. State Banking Board of State of Texas, et al.,* 468 S.W.2d 529 (Tex.Civ. App.1971, no writ).

The important question on appeal is raised by the order of the trial court refusing to reinstate the case on the jury docket. The validity of that order, in turn, depends upon the determination of the character of review, whether one of substantial evidence or *de novo,* to be accorded by the trial court of the appeal of the order of the Board. If the trial were to be conducted by the substantial evidence rule, appellant was not entitled to have the case tried to a jury, but if the case were to be tried *de novo,* appellant was entitled to a jury.

The issue determined below, was succinctly stated in the judgment as, "All parties agreed in open court that the issue remaining in the case to be tried by the court was whether the applicants for Southeast Bank were acting in good faith as required by Chapter Three, Article 5A(5) of the Texas Banking Code (1943) (Article 342–305A(5) Vernon's Annotated Texas Statutes)".

The case was heard before the court under the substantial evidence rule, and judgment was entered in which it was specifically found that substantial evidence existed that the applicants for Southeast Bank were acting in good faith.

In its trial pleading, the third amended original petition, appellant pleaded, among other things, that the order of the Board should be set aside because Southeast Bank was a branch of Texas Commerce Bank in violation of the Constitutional prohibition against branch banking[2] and of the anti-trust laws of Texas, and that these arrangements had been concealed from the Board. While certain special exceptions to this petition were sustained, an examination of that instrument after the special exceptions were sustained reveals that appellant's contentions, alluded to above remained a viable part of that pleading.

Appellant argues on appeal that violations of the prohibition against branch banking and of the anti-trust laws are not within the province of the Board's authority to consider in its hearing on the application for the bank charter and, independently of the appeal of the Board's order, appellant is entitled to a jury determination of the factual matters making up the alleged violations.

We do not decide whether or not the alleged violations are matters properly considered by the Board in hearing the application for the charter since it is only on appeal that this contention has been voiced. It appears from the pleadings and judgment that in the trial of the case, it was at least assumed by all that the matter of these violations was properly before the Board. In passing, we do observe in this connection that the opinion of Attorney General Price Daniel dated August 18, 1952, relating to the charter application of Inwood State Bank, states that the Board has the duty of determining whether a charter, if granted, would violate the prohibition against branch banking and the anti-trust laws.

The sole issue before the trial court, as characterized by the trial court and agreed to by the parties was whether the applicants for Southeast Bank were acting in

---

1. Called the "Board" in this opinion.

2. Tex.Const. art. XVI, section 16, Vernon's Civ.St.

good faith as required by Article 342–305, subd. A(5). It appears from the appellant's pleadings that the thrust of its case below was to attempt to rebut the evidence of the applicants' good faith by showing that Southeast Bank was but a branch of Texas Commerce Bank in violation of the Constitution and the anti-trust laws of Texas, and that these arrangements were concealed from the Board. If these violations were proved, it would seem that the applicants could not be acting in good faith. A jury determination of the facts underlying these violations is appellant's claimed right.

The issue of good faith is one of five findings required by Article 342–305, subd. A to be made by the Board incident to the granting of a charter. In this case, the other four required findings made by the Board were not controverted. The appeal of the Board's order granting a charter, although limited to the issue of good faith, is triable under the substantial evidence rule. See Chemical Bank & Trust Company v. Falkner, 369 S.W.2d 427 (Tex. 1963). We are of the opinion that evidence of violations of the constitutional prohibition against branch banking and of the anti-trust laws was but ground for rebuttal to the applicants' proof of good faith, all to be determined in this case within the framework of a substantial evidence trial.[3]

Appellant's second and final point of error is that the court erred in overruling its motion for summary judgment to set aside the Board's order because of *ex parte* communications from a stockholder in Southeast Bank to a Board member. Some time prior to trial, both appellant and appellees filed motions for summary judgment, both of which were denied. In

this posture, the order denying the motion for summary judgment is not appealable. Ackermann v. Vordenbaum, 403 S.W.2d 362 (Tex. 1966).

The judgment is affirmed.

Affirmed.

---

3. In Southern Canal Co. v. State Board of Water Eng., 159 Tex. 227, 318 S.W.2d 619, 623 (1958) Justice Calvert stated that the courts cannot conduct both a substantial evidence rule and a *de novo* type trial, or even a hybrid type of trial, in the same suit. This is so since the two are diametrically opposed to one another.