**WYLIE INDEPENDENT SCHOOL DIS-TRICT et al., Appellants,**

v.

**CENTRAL EDUCATION AGENCY et al., Appellees.**

**No. 11969.**

*Court of Civil Appeals of Texas,* Austin.

Nov. 29, 1972.
Rehearing Denied Dec. 20, 1972.

J. C. Hinsley, Austin, for appellants.

Stanley P. Wilson, McMahan, Smart, Sprain, Wilson, Camp & Lee, Abilene, for appellees.

PHILLIPS, Chief Justice.

This controversy has been before this Court once before on questions of pleas of privilege and temporary injunction. Longacre v. Wylie Independent School Dis-

trict, 467 S.W.2d 502 (Tex.Civ.App., Austin 1971).

Appellant Wylie Independent School District is located in Taylor County. Abilene Independent School District, a county line district, is located in both Taylor and Jones Counties.

In July of 1969, Dudley B. Longacre, joined by other property owners within the Wylie School District filed a petition [1] with the County School Trustees of Taylor County requesting the detachment of 73.7 acres in which the petitioners resided from the Wylie District and its annexation to the Abilene District.

The following August, the County School Trustees of Taylor County held a hearing on the petition for detachment and then denied it. This decision was appealed by the landowners to the Commissioner of Education in October 1969. Subsequently, the Commissioner sustained the action of the County School Trustees denying the petition for transfer of the territory in a written decision in which he reviewed the evidence presented before him at the hearing and gave his reasons for the decision.

In March 1970, the State Board of Education heard the appeal of the petitioning landowners and then entered an order [2] reversing the decision of the Commissioner of Education and directed the County School Trustees of Taylor County to grant the transfer of territory.

Wylie Independent School District and the County School Trustees of Taylor County then brought suit in the District Court [3] of Travis County. The case went to trial in February 1972 before the court without a jury after the case was stricken from the jury docket at the instance of the Central Education Agency. The court entered its judgment affirming the order of the State Board of Education requiring the

1. This petition was filed pursuant to Article 2742f Vernon's Civil Statutes (now Section 19.261 Texas Education Code, V. T.C.A.).

2. Section 11.25, Texas Education Code.

3. Section 11.13, Texas Education Code.

transfer of the territory. The judgment also provided that the transfer of the territory could not be effected without a concurring order from the Jones County School Trustees for the reason that the Abilene District is a county line school unit.

The appellants here are Wylie Independent School District and the County School Trustees of Taylor County. The appellees are the Central Education Agency of the State of Texas, Dudley B. Longacre and several other persons who resided within the Wylie Independent School District.

Appellants requested the trial judge to file findings of fact and conclusions of law. The court refused to make findings of fact for the stated reason that in a substantial evidence rule case, there are no disputed issues of fact, although he filed conclusions of law and the court also refused to make further findings of fact requested by the appellants. This appeal is from that part only of the judgment upholding the order of the Board of Education made in March of 1969.

We affirm this judgment.

There are two main questions presented by this appeal. The first question, which we answer in the affirmative, is whether all of the fact questions presented at the trial were governed by the substantial evidence rule. The second question, which we answer in the negative, is whether the trial court erred in refusing to hold that the State Board of Education was limited on its appeal to consideration of evidence presented before the State Commissioner of Education. Appellants also complain that the decision of the State Board of Education was not supported by substantial evidence. We also overrule this contention.

■ With respect to the standard of review in the district court, appellants maintain that certain factual requisites such as whether the petition was signed by a majority of the qualified voters residing in the territory sought to be detached, whether the territory described in the petition was contiguous to the common boundary line of the two districts, whether the petition was signed by a majority of the trustees of the Wylie District, etc. required determination by the trier of fact and that consequently it was appellants' constitutional right to have these questions determined by a jury just as in any other civil suit. Certainly, all of our administrative proceedings require findings of fact, however, under the law in this state, these findings are left to the discretion of the administrative agency subject to review for abuse. Southern Canal Co. v. State Board of Water Eng., 159 Tex. 227, 318 S.W.2d 619 (1958); State v. County Board of School Trustees, 334 S.W.2d 588 (Tex. Civ.App.1960, err. ref. n. r. e.); Bank of North America v. State Banking Board, 482 S.W.2d 923 (Tex.Civ.App.1972, on application for writ of error).

■ The rationale for the method of review of the orders of administrative agencies is that the courts do not usurp the powers committed to the various administrative agencies and are limited to determining whether the decision of a particular agency is reasonably supported by substantial evidence or whether the agency acted arbitrarily and without regard to the facts. The administrative agency is the fact-finding body and the question to be determined by the district court on appeal is one of law.

■ Consequently, the trial court was correct in denying appellants a jury trial, and also, in refusing to make findings of fact. Only questions of law were presented to the court.

With respect to the second question, the contention is made that the rules of the State Board of Education [4] provide that on

---

4. Sec. 106, Sec. 205, Procedures on Hearings and Appeals, Rules of the State Board of Education.

appeals from decisions of the State Commissioner of Education, all testimony and evidence pertaining to such controversy shall be completed on a hearing before the Commissioner of Education and that appeals to the State Board of Education will be considered on the record briefs and oral arguments only. It is also provided that no additional testimony of documentary evidence may be presented on appeals to the State Board of Education. Consequently, appellants maintain that the State Board of Education was limited on its appeal to the consideration of evidence presented before the State Commissioner of Education.

We overrule this contention. The statute providing for appeal to the court does not so limit the court. We hold that the only material evidence before the trial court was the evidence presented to that court upon appeal from the administrative agency. The court then determines whether there was substantial evidence in existence at the time of the administrative ruling to justify the agency's decision. Gerst v. Nixon, Tex.1966, 411 S.W.2d 350; West Orange-Cove Con. I. S. D. v. County Board of School Tr., Tex.Civ.App.1968, 430 S.W.2d 65, err. ref. n. r. e.; Rock Island Ind. School D. No. 907 v. County Board of School Tr., Tex.Civ.App.1968, 423 S.W.2d 665, err. ref. n. r. e.; Cook Drilling Co. v. Gulf Oil Corp., 1942, 139 Tex. 80, 161 S.W.2d 1035; Railroad Commission v. Shell Oil Co., 1942, 139 Tex. 66, 161 S.W.2d 1022; Pyote Independent School Dist. v. Estes, Tex.Civ.App.1965, 390 S.W.2d 3, err. ref. n. r. e.; Lorena Ind. School Dist. v. Rosenthal Com. Sch. Dist., Tex.Civ.App.1967, 421 S.W.2d 491, err. ref. n. r. e.

We also hold, in answer to appellants' contention to the contrary, that there was substantial evidence to uphold the order of the State Board of Education. The territory to be detached was wholly within the city limits of Abilene. Most of the people living within the area worked and attended church in Abilene. The Wylie school was a rural school and its buildings were old and not air conditioned. The Abilene Schools which the children would be attending were new, of good architectural design, and fully air conditioned. The Abilene schools offered a curriculum of more than 120 courses while the Wylie District offered considerably fewer. Abilene schools not only offered more courses, but a wider extracurricular program, better technical training, industrial arts courses and special education facilities.

Likewise, we overrule appellants' evidentiary point on the admission of certain documents taken from the records of the Commissioner of Education. Throughout this litigation there has never been any question about the fact that the Wylie Common School District referred to in the appellees' petition for detachment filed with the County Board of School Trustees was the same as Wylie Independent School District.

The judgment of the trial court is affirmed.

Affirmed.