**BANK OF NORTH AMERICA, Petitioner,**

**v.**

**STATE BANKING BOARD of the State of Texas et al., Respondents.**

**No. B–3568.**

Supreme Court of Texas.

March 21, 1973.

Rehearing Denied May 2, 1973.

Byron Lockhart, Austin, for petitioner.

John L. Hill, Atty. Gen., John H. Banks, Asst. Atty. Gen., Austin, Liddell, Sapp, Zivley & Brown, W. Robert Brown, Houston, Jacobsen & Long, Joe R. Long, Austin, for respondents.

PER CURIAM.

In affirming the judgment of the trial court that the State Banking Board's granting of a bank charter to the Southeast Bank in Houston is reasonably supported by substantial evidence, the Court of Civil Appeals has held that Petitioner was not entitled to a jury trial on the issues then before the trial court. 482 S.W.2d 923. The application for writ of error is refused on the ground that the judgment of the Court of Civil Appeals presents no reversible error.

█ It should be noted that Petitioner asserted in a single suit a double-barrelled attack on the Board's granting of the charter to the Southeast Bank. The first, denominated as "an original suit brought upon matters upon which this Court has original jurisdiction" was based primarily upon allegations that the Board's order is void because of alleged control and domination of the operations of the newly chartered bank by another bank in violation of the anti-trust laws and Article XVI, Section 16 of The Texas Constitution, Vernon's Ann.St. The second attack was in the form of the usual type of appeal from the Board's action under Article 342–115, Vernon's Ann. Civ.St. No severance of the causes of action was sought. After sustaining exceptions to many allegations relevant to the first cause of action, the Court struck the case from the jury docket over Petitioner's objection and proceeded to try the appeal under the substantial evidence rule. The trial court's judgment recited that "all parties agreed in open court that the issue remaining in the case . . . was whether the applicants for Southeast Bank were acting in good faith . . . ." This was an issue for original Board determination. It was decided in favor of Southeast Bank and affirmed on review by the trial court as being reasonably supported by substantial evidence. Whether the order of an administrative agency is reasonably supported by substantial evidence is a question of law to be resolved by the court without intervention of a jury. Board of Water Engineers et al. v. Colorado Municipal Water District et al., 152 Tex. 77, 254 S.W.2d 369 (1953). See also Texas State Board of Examiners in Optometry et al. v. Carp, 388 S.W.2d 409 (Tex.1965); Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619 (1958).

█ Petitioner, under Rule 377a, Texas Rules of Civil Procedure, limited its appeal to (1) error of the trial court in overruling its motion for summary judgment and (2) error of the trial court in denying it a trial by jury, and therefore no statement of facts and only an abbreviated transcript was before the Court of Civil Appeals. Under the record and limited points, and inasmuch as there was no request in the trial court for a severance of the "original suit" upon which petitioner might have been entitled to a jury trial, the Court of Civil Appeals committed no error in affirming the trial court's judgment.

█ In doing so, the Court of Civil Appeals held that it was proper for the Board, in determining "good faith" of the applicants to consider as rebuttal thereto evidence on the allegations that the chartering of the new bank would violate the anti-trust laws and Article XVI, Section 16 of The Texas Constitution, prohibiting branch banking. However, neither the Court of Civil Appeals' opinion nor the Attorney General's opinion of August 18, 1952, cited in support of the Board's authority and duty in this connection, contain any holding or implication that the Board's determination on constitutional issues are conclusive or that its decision on them would forego a separate lawsuit at the time or in the future on the issue of whether the proposed or chartered bank was actually controlled or operated directly or indirectly by another bank in violation of the constitutional prohibition against branch banking or the anti-trust laws. In fact, the opinion of the Attorney General stated that even after a charter is granted to a bank, the operation and control exercised over it by another bank may under cer-

tain fact situations constitute violations of the anti-trust laws and the prohibition against branch banking. See also Attorney General's Opinion by C. M. Cureton dated July 19, 1917. Accordingly, the opinion of the Court of Civil Appeals and our action should not be understood as holding that the Board's determination on these questions is conclusive and reviewable only under the substantial evidence rule except insofar as it applies to the "good faith" of the applicants at the time of the administrative hearing.

REAVLEY, J., did not participate.