

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

May 14, 1975

The Honorable Robert E. Stewart
Commissioner
Department of Banking
John H. Reagan State Office Bldg.
Austin, Texas 78701

Opinion No. H- 606

Re: Legality of majority stock
ownership in more than one
bank.

Dear Commissioner Stewart:

You have requested our opinion concerning whether a corporation's ownership of more than 50% of the capital stock of more than one bank violates article 16, section 16 of the Texas Constitution or article 342-903, V. T. C. S. Your question is specifically directed to ownership of stock in more than one bank by bank holding companies and not to operation of one bank by another.

The organization and activities of bank holding companies are regulated by the Federal Reserve Board. 12 U. S. C. §§ 1841, 1842. Under article 2.01(4) of the Texas Business Corporation Act, these holding companies may not operate banks, but are not prohibited from owning bank stock. See, Flanagan v. Madison Square State Bank, 11 N. E. 2d 969 (Sup. Ill. 1937). Your question is whether such ownership may violate article 16, section 16 of the Constitution, or article 342-903, V. T. C. S. , which prohibits branch banking.

Article 16, section 16 of the Texas Constitution provides in part:

> Such body corporate [banking corporations] shall
> not be authorized to engage in business at more
> than one place. . . .

Article 342-903, V. T. C. S., provides in part:

> No State, national or private bank shall engage
> in business in more than one place, maintain
> any branch office. . . .

In a letter from Attorney General Price Daniel to the State Banking Board, August 18, 1952, this office stated that neither article 16, section 16, nor article 342-903 would be violated by mere stock ownership in more than one bank.  After noting that separately incorporated banks are not branch banks, Attorney General Daniel stated:

> Individuals are not prohibited from owning stock in more than one bank in Texas.  Neither is there a prohibition against bank stockholders owning stock in a holding company which in turn owns controlling interest in another bank.  If the only affiliation between separate Texas banks is ownership of the majority stock in each bank by the same persons, directly or through trustees or a holding company, we do not believe that this alone would constitute a violation of Article XVI, Section 16.

Article 16, section 16 and article 342-903 were interpreted to prohibit the control of the operation of more than one bank by the same corporation rather than mere ownership.  The laws had been so administered since 1930 and have been so since the letter was issued in 1952.  We have discovered no authoritative legal grounds upon which to question this holding.  There is dicta in Attorney General Opinion WW-159 (1957) which suggests a different test than the one employed by Attorney General Daniel, but that opinion cites no authority for the proposition and is contrary to the great weight of authority.  Cf., Commercial National Bank of Little Rock v. Board of Governors, Federal Reserve System, 451 F. 2d 86 (8th Cir. 1971); First National Bank in Billings v. First Bank Stock Corp., 306 F. 2d 937 (9th Cir. 1962); In re Cleveland Trust Company of Lake County, 311 N. E. 2d 854 (Ohio 1974); Central Bank & Trust Company v. Brimhall, 497 P. 2d 638 (Utah 1972); Clearfield State Bank v. Brimhall, 471 P. 2d 161 (Utah 1970); Goldy v. Crane, 445 P. 2d 212 (Colo. 1968); Nemirow v. Bloom, 445 P. 2d 214 (Colo. 1968); Peoples Bank v. Banking Board, 436 P. 2d 681 (Colo. 1968); In re Application of Kenilworth State Bank, 230 A. 2d 377 (N. J. 1967).

Attorney General Daniel's letter has been discussed by two Texas courts without criticism.  Bank of North America v. State Banking Board, 492 S. W. 2d 458 (Tex. Sup. 1973); Bank of North America v. State Banking Board, 468 S. W. 2d 529 (Tex. Civ. App. --Austin 1971).  The Austin Court of Civil Appeals stated:

The bare fact of ownership, without more, does
not constitute a violation of Section 16.   468
S. W. 2d at 532.

Similarly, the Supreme Court viewed the relevant question as:

. . . whether the proposed or chartered bank was
actually controlled or operated directly or indirectly
by another bank . . . 492 S. W. 2d at 459.

Pursuant to its authority to assess state law in the regulation of bank
holding companies, Whitney National Bank in Jefferson Parish v. Bank of
New Orleans & Trust Co., 379 U.S. 411 (1965), the Federal Reserve Board
has held Texas' branch banking laws to be inapplicable to stock ownership
by holding companies. Application of Farmers and Mechanics Trust Company
of Childress, Texas, (Federal Reserve Bulletin, January, 1960, p. 14, 16);
cf. Application of Trans-Nebraska Co., Lincoln, Nebraska (Federal Reserve
Bulletin, May, 1963, p. 633, 634). This ruling was based on the legislative
history of the Bank Holding Company Act of 1956 which states in part:

The purposes of branch banking laws are not
identical with the purpose of this bill to control
bank holding companies. . . . It is believed the
bill contains adequate provisions to regulate
bank holding company operations without an
arbitrary tiein with branch banking laws. 1956
U. S. Code Cong. Ad. News, 84th Congress
2492-2493.

We do believe it important to observe that, as pointed out by Attorney
General Daniel, one bank controlled by a holding company may so dominate
and control another bank as to violate these provisions in a particular case.
However, as a general principle the long settled ruling is that mere stock
ownership is not violative of these prohibitions. Under Texas law such an
established construction is entitled to great weight and is not to be disturbed
unless it is clearly erroneous. Thomas v. Groebl, 212 S. W. 2d 625 (Tex.
Sup. 1948); Travis County v. Matthews, 235 S. W. 2d 691 (Tex. Civ. App.
--Austin 1950, writ ref'd., n. r. e.); Gaynor Construction Co. v. Board of
Trustees, 233 S. W. 2d 472 (Tex. Civ. App. --El Paso 1950, writ ref'd.).
Since we have discovered no authority which questions the 1952 ruling of this
office, in our opinion it remains a correct statement of the law.

## S U M M A R Y

A bank holding company may own a majority of the stock of more than one bank without violating article 16, section 16 of the Texas Constitution or article 342-903, V. T. C. S.   One bank controlled by a bank holding company may so dominate and control the operation of another bank as to violate these provisions in a particular case.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee